PEOPLE v. McGRANDY.

1. HOMICIDE—SELF-DEFENSE—RETREAT.
Defendant must do all which is reasonably in his power to avoid the necessity of extreme resistance, by retreating where retreat is safe, to be able to assert self-defense as justification when charged with homicide.

2. SAME—SELF-DEFENSE—RETREAT—HOME.
A man is not obliged to retreat if assaulted in his dwelling, but may use such means as are absolutely necessary to repel the assailant from his house, or to prevent his forcible entry, even to taking life.

3. SAME—SELF-DEFENSE—RETREAT—HOME.
Retreat from defendant's own house when defendant is assaulted by spouse, held, not necessary to enable defendant to plead self-defense as justification for killing spouse (CL 1948, § 750.321).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 3 June 8, 1967, at Grand Rapids. (Docket No. 1,716.) Decided December 7, 1967.

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur, Homicide § 149 et seq.
[2, 3] 26 Am Jur, Homicide § 155 et seq.

Edna Marie McGrandy was convicted of manslaughter. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert B. Currie,* Prosecuting Attorney, and *Bruce J. Scorsone,* Chief Assistant Prosecuting Attorney, for the people.

*William J. Ginster,* for the defendant.

Burns, J. A circuit court jury found Mrs. Edna Marie McGrandy guilty of manslaughter. CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553). The facts* of this case for the purposes of this opinion can be stated as follows:

On May 1, 1965, defendant and her husband, both of whom had been out drinking much beer and some whiskey, returned to their second floor apartment. Without getting into the details of what occurred upon their arrival, suffice it to say that Mr. McGrandy stood in the kitchen doorway with a loaded rifle in his hands. It is defendant's claim that her husband cocked the rifle and intended to use it on her. Mrs. McGrandy then grabbed a butcher knife, and in an alleged attempt to "get him out of my way so I [Mrs. McGrandy] could get out," Mr. McGrandy was fatally stabbed.

Defendant might have avoided a confrontation with her husband by retreating out another kitchen doorway which led to the apartment's rear porch and stairway. The jury was made very aware of this alternative route of escape.

---

* Defense counsel's statement of facts consisted of 39 pages of almost uninterrupted quoted material from the transcript. This practice of setting forth select rambling samples of testimony must be criticized as violating GCR 1963, 813.2 (as amended in 373 Mich lv). We strongly urge the few lawyers who are prone to stating facts in such a manner to comply with the rule before warnings precipitate into more drastic action on our part.

In support of defendant's argument of self-defense counsel for defendant, citing *People* v. *Stallworth* (1961), 364 Mich 528, requested a jury instruction that a person is not obliged to retreat from his dwelling. The trial court, however, gave the following instruction:

"Now, in justification of the offense herein charged, the defendant interposed a plea of self-defense. Under certain circumstances this is a good defense. To make a plea of self-defense, it must appear that the defendant was without fault on her part. If she herself was the aggressor in the conflict, she cannot invoke the doctrine of self-defense as an excuse for the killing unless she was at that time, as she saw it, in imminent danger of losing her own life or suffering some grievous bodily injury, and *there was no way open for her to retreat, as she saw it.* Self-defense will not justify the taking of a human life unless you jurors shall be satisfied from the testimony, first that the defendant was not the aggressor bringing on the difficulties as has just been pointed out. Secondly, that there existed at the time of striking the fatal blow in Marie McGrandy's mind a present and impending necessity to save herself from death or some great bodily harm, and third, *there must be no way open whereby she could have retreated, as it appeared to her, at that time, to a place of safety and thus avoid the conflict.*

"Unless you find all three of these elements in the case, then the plea of self-defense fails." (Emphasis supplied.)

The general rule in cases where self-defense is asserted is that the defendant must do "all which is reasonably in his power to avoid the necessity of extreme resistance, by retreating where retreat is safe." *Pond* v. *People* (1860), 8 Mich 150, 176. The *Pond Case,* also recognized an exception to this rule (p 177):

"A man is not, however, obliged to retreat if assaulted in his dwelling, but may use such means as are absolutely necessary to repel the assailant from his house, or to prevent his forcible entry, even to the taking of life."

There is a split of authority throughout the country in the applicability of this exception when the assailant and the assailed share the same living quarters where the alleged attack occurred. Justice Cardozo in *People* v. *Tomlins* (1914), 213 NY 240 (107 NE 496, Ann Cas 1916c, 916) reasoned:

"It is not now and never has been the law that a man assailed in his own dwelling is bound to retreat. If assailed there, he may stand his ground and resist the attack. He is under no duty to take to the fields and the highways, a fugitive from his own home. * * * The rule is the same whether the attack proceeds from some other occupant or from an intruder. It was so adjudged in *Jones* v. *State* (1884), 76 Ala 8, 14. 'Why,' it was there inquired, 'should one retreat from his own house, when assailed by a partner or cotenant, any more than when assailed by a stranger who is lawfully upon the premises? Whither shall he flee, and how far, and when may he be permitted to return?'"

Also, see *Watts* v. *State* (1912), 177 Ala 24 (59 So 270); *State* v. *Leeper* (1924), 199 Iowa 432 (200 NW 732); *State* v. *Phillips* (1936), 38 Del 24 (187 A 721); and *State* v. *Grantham* (1953), 224 SC 41 (77 SE2d 291).

In *People* v. *Stallworth, supra,* the defendant killed her husband by stabbing him when the deceased attempted to put her out of the home forcibly. The Court quoted from the *Pond Case, supra:*

"'A man is not * * * obliged to retreat if assaulted in his own dwelling.'"

The Court continued:

"If the testimony of Mrs. Stallworth at the trial which bore directly on the fatal episode were to be accepted at face value, it would appear to meet the tests of self-defense spelled out above."

In our opinion the *Stallworth Case, supra,* aligns Michigan jurisprudential thinking with the above cited authorities.

The failure to give defendant's requested instruction resulted in prejudicial error. Defendant's other assignments of error are without merit or do not require consideration because of our disposition of the case.

Reversed and remanded for new trial.

HOLBROOK, P. J., and McGREGOR, J., concurred.