PEOPLE *v.* DAVID SMITH

1. CRIMINAL LAW—TRIAL—SUMMATION TO JURY—STATEMENTS OF FACT.

It is reversible error for the prosecution during its summation to the jury to make an unsworn statement of *fact* that defendant was guilty of the offense charged.

2. CRIMINAL LAW—TRIAL—SUMMATION TO JURY—STATEMENT OF FACT.

Statement by prosecution in summation to the jury that "the defendant has been stupid and foolish, but he has committed a crime," is an improper statement of fact and is sufficient ground for reversal if not corrected.

3. CRIMINAL LAW—TRIAL—SUMMATION TO JURY—STATEMENT OF FACT—APPEAL AND ERROR.

Defendant's allegation on appeal that the prosecution at his trial improperly made statements of fact during summation to the jury will be considered on appeal only to prevent a miscarriage of justice if there was no objection or request for cautionary instruction at trial.

4. CRIMINAL LAW—TRIAL—SUMMATION TO JURY—STATEMENT OF FACT—MISCARRIAGE OF JUSTICE.

Statement during summation to jury by prosecution that "the defendant has been stupid and foolish, but he has committed a crime," *held,* not to have resulted in a miscarriage of justice to defendant when the jury was cautioned at least three times to weigh only the evidence which was produced by the witnesses.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 485 *et seq.*
[3, 4] 53 Am Jur, Trial §§ 506, 507.

Appeal from Recorder's Court of Detroit, Charles S. Farmer, J., presiding. Submitted Division 1 January 9, 1969, at Detroit. (Docket No. 5,027.) Decided February 26, 1969.

David Smith was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Stephen H. Boak,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. Defendant was tried by jury in Detroit recorder's court and convicted of felonious assault.[1] He appeals, alleging that the prosecuting attorney in his closing argument made prejudicial statements before the jury which constitute reversible error.

The prosecutor's statements are as follows:

"Ladies and gentlemen of the jury, it's our opinion that there has been a crime here. That crime is felonious assault. It is now your job to sit in judgment.

"Reasonable doubt? Who is ever 100% sure of anything? But, reasonable doubt—that word 'reasonable' qualifies itself greatly. Not just a smithereen of doubt, a little bit of doubt, some doubt, some pillow of doubt—reasonable doubt. Is there a reasonable doubt in your minds that this officer chased

---

[1] CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277).

this defendant, called for him to stop, saw the gun pointed at him, and then fired in order to bring the incident to a halt? Is there any reasonable doubt in that? The people feel not; therefore, we feel that a conviction is in order in this case.

"The defendant has been stupid and foolish, *but he has committed a crime* and he must pay for it; he must pay the consequences. We can't open the jails and turn all the stupid and foolish people loose and then everybody that wasn't stupid and foolish would feel a little apprehensive." (Emphasis supplied.)

Defendant asserts that the statements constitute reversible error under the rule announced in *People v. Ignofo* (1946), 315 Mich 626. In *Ignofo*, the Court found it to be reversible error for the prosecuting attorney to make an unsworn statement of *fact* that defendant was guilty of the offense charged, even where defendant's counsel failed to object to the statement at the trial.

The people contend that *Ignofo* is inapplicable because the alleged prejudicial statement, when read in context, only expresses an *opinion* of the prosecutor. Upon analysis of the entire statement and especially the words, "The defendant has been stupid and foolish, but he has committed a crime," we find the statement to be one of fact under the *Ignofo* rule.

The people further contend that *Ignofo* is no longer valid precedent insofar as it requires reversal even where there is a failure to object to the statement until an appeal is filed. In deciding *Ignofo*, the Court was divided primarily on the basis that no objection to the prosecutor's argument had been made at trial. Of some importance to the result was the fact that no cautionary instruction regarding the prosecutor's statement had been given to the jury. In analyzing cases preceding and following *Ignofo*, we find that both the Supreme Court and this Court

have followed the rule that objections not raised during the trial and passed upon by the trial court will not be heard for the first time on appeal unless a miscarriage of justice would result upon appellate court refusal to consider the question. *People* v. *Counts* (1947), 318 Mich 45; *People* v. *Willis* (1965), 1 Mich App 428; *People* v. *Wright* (1967), 6 Mich App 495.[2] This Court therefore holds that the rule in *Ignofo* is subject to the miscarriage of justice rule in CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

Upon examination of the prosecutor's statement in light of the entire case, it does not affirmatively appear to this Court that this prosecutor's statement has resulted in a miscarriage of justice to defendant. Even though the defendant failed to object to the statement, the jury was cautioned at least three times to weigh only the evidence which was produced by the witnesses. See *People* v. *Panknin* (1966), 4 Mich App 19. The prosecutor's statement was not inflammatory.

The defendant's failure to object to the statement, in light of the "cure" obtained through the court's instructions, did not constitute a miscarriage of justice.

Affirmed.

---

[2] See, also, *People* v. *Korn* (1921), 217 Mich 170; *People* v. *Goldberg* (1929), 248 Mich 553; *People* v. *Connors* (1930), 251 Mich 99; *People* v. *Hancock* (1950), 326 Mich 471, on rehearing 328 Mich 143; *People* v. *Omacht* (1950), 326 Mich 505, on rehearing 328 Mich 145; *People* v. *Pena* (1966), 3 Mich App 26; and *People* v. *Panknin* (1966), 4 Mich App 19.