## PEOPLE *v.* JEFFERSON

1. HOMICIDE—CRIMINAL LAW—MURDER—EVIDENCE—SUFFICIENCY.

   Testimony establishing that defendant shot decedent in the back from a distance of 15 to 21 feet as decedent was leaving defendant's home is sufficient evidence for the jury to properly reject a claim of self-defense and find defendant guilty beyond a reasonable doubt of second-degree murder (CL 1948, § 750.317).

2. HOMICIDE—EVIDENCE—ADMISSIBILITY—CONFESSION.

   Admission in evidence of defendant's confession in prosecution for murder, *held,* proper and not a violation of due process where the record indicates that, prior to the admission of de-defendant's statements, the trial court determined that he had been fully and properly advised of his constitutional rights before police interrogation, where defense counsel did not challenge the voluntariness of the confessions at trial, and where the record fails to indicate that the statements were involuntary.

3. CRIMINAL LAW—HOMICIDE—TRIAL—WITNESSES—CROSS-EXAMINATION—PRIVILEGED CONVERSATION.

   It was not error to allow cross-examination of defendant charged with crime regarding an alleged conversation with his wife where the court specifically limits the inquiry to whether the defendant knew his wife had lost her job, and whether defendant and his wife had had an argument about it, and defendant is not required to divulge the substance of the conversation.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 480, 525, 530.
[2] 29 Am Jur 2d, Evidence §§ 555–557, 583, 588.
[3] 58 Am Jur, Witnesses §§ 385, 396–398.
   40 Am Jur 2d, Homicide §§ 537, 538.
[4] 40 Am Jur 2d, Homicide §§ 110, 498, 514–521.
[5] 40 Am Jur 2d, Homicide §§ 560–562.

4. HOMICIDE — MURDER — JUSTIFIABLE HOMICIDE — INSTRUCTIONS TO JURY.

Defendant's contention that the court over-emphasized first- and second-degree murder and gave no emphasis to justifiable homicide *held*, without merit in a prosecution for murder where the defense is justifiable homicide, where a review of the instructions discloses sufficient emphasis on justifiable homicide and the elements of self-defense as applicable to the case and where defense counsel failed to object to the instructions at trial (GCR 1963, 516.2).

5. APPEAL AND ERROR—TRIAL—INSTRUCTIONS TO JURY.

Failure to object to the giving or omission of a jury instruction at trial, before the jury retires to consider a verdict, bars claiming error in the instructions for the first time on appeal (GCR 1963, 516.2).

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 June 3, 1969, at Lansing. (Docket No. 4,221.) Decided June 25, 1969. Leave to appeal denied September 3, 1969. See 382 Mich 779.

Ozzie Jefferson was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Barbara Ann Bassett,* Assistant Prosecuting Attorney, for the people.

*Ozzie Jefferson, in propria persona.*

Before: LESINSKI, C. J., and QUINN and DAN-HOF, JJ.

LESINSKI, C. J. Defendant Ozzie Jefferson was found guilty by jury verdict of murder in the second degree contrary to CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549), and appeals.

He first contends that the jury verdict should be reversed as contrary to the weight of the evidence. Specifically, defendant asserts that the evidence clearly establishes that he acted in self-defense and was in fear for his life when he shot the deceased. However, our review of the record convinces us that sufficient evidence was presented from which a jury properly could reject defendant's claim of self-defense and conclude that defendant was guilty beyond a reasonable doubt. The testimony was sufficient to establish that the decedent was shot in the back while the decedent was 15–20 feet from the defendant and was leaving defendant's home. Credible evidence rebuts defendant's contention and requires that this Court sustain the lower court finding of guilt of defendant beyond a reasonable doubt. See *People* v. *Patton* (1968), 15 Mich App 198; *People* v. *Thomas* (1967), 7 Mich App 103.

Defendant also asserts that admission of his alleged confession into evidence constitutes a violation of due process contrary to *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974). A reading of the trial transcript indicates that, before admission of the two statements given by defendant, the trial court determined that defendant was fully and properly advised of his constitutional rights before he was questioned by police officers. We concur in the trial court's determination that no violation of defendant's rights occurred. Moreover, while during the trial defense counsel objected to admission of one of defendant's two statements on the grounds of the "best evidence" rule, no objection was raised as to the voluntariness of the confessions. No error was committed in admitting the confessions, since no objection as to voluntariness was raised and the record fails to indicate that the confessions were involuntary. *People* v. *Jury* (1966),

3 Mich App 427; *People* v. *Gollman* (1966), 3 Mich App 463.

The third contention on appeal concerns the prosecutor's cross-examination of defendant regarding an alleged privileged conversation with his wife. Defendant alleges that prejudicial error was committed when the court allowed the prosecutor to cross-examine defendant as follows:

"*Q.* Now, Mr. Jefferson, you knew, did you not, that your wife had lost her job that night?

"*A.* No, sir, she had not lost her job.

"*Q.* You knew * * * or, you had an argument with her, didn't you * * * didn't you, that night?

"*A.* We had a conversation, yes.

"*Q.* No argument?

"*A.* It wasn't an argument, no sir.

"*Q.* You never had a heated * * *

"*A.* No, sir.

"*Q.* (continuing): * * * conversation?

"*A.* No sir."

The trial court specifically limited the inquiry regarding defendant's conversations with his wife to two questions: (1) whether the defendant knew his wife had lost her job, and (2) whether defendant and his wife had an argument.

Regarding the first question, in *People* v. *Bowen* (1911), 165 Mich 231, 236, the Michigan Supreme Court stated that the presumption would be that:

"The intention was that any communication between husband and wife, no other being present, should be considered confidential until the contrary appears."

In the instant case no error occurred as defendant was not requested to divulge the substance of the communication between himself and his wife.

Defendant also asserts that the trial court erred in its instruction to the jury. In particular, defendant alleges that the court in its instructions over-emphasized first- and second-degree murder but gave no emphasis to justifiable homicide. We disagree. A review of the instructions discloses that more than sufficient emphasis was provided for the defense of justifiable homicide. The elements constituting self-defense were definitely set forth and their applicability to the facts of the instant case was explained. In addition, counsel for defendant, when asked if there were objections to the instructions, replied that he had no objections. GCR 1963, 516.2 provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection."

Defendant may not on appeal for the first time claim error in the instructions. *People* v. *David Smith* (1969), 16 Mich App 198; *People* v. *Smith* (1969), 15 Mich App 173; *People* v. *Mallory* (1966), 2 Mich App 359.

Affirmed.

All concurred.