PEOPLE *v.* WEEMS

1. WITNESSES — CROSS-EXAMINATION — IMPEACHMENT — MORAL-
ITY — DISCRETION.

A witness may be discredited upon cross-examination by showing
a lack of morality, but the extent of that examination is
within the trial judge's discretion with which appellate courts
do not interfere unless there is a clear abuse of discretion.

2. WITNESSES—CROSS-EXAMINATION—IMPEACHMENT—DISCRETION.

Trial court's ruling that it was improper to question com-
plainant in a prosecution for rape as to how many times
she had had sexual intercourse was not an abuse of discretion
where complainant had already testified to her own lack of
chastity and defendant did not show a necessity to continue
that line of questioning (MCLA § 750.520).

3. EVIDENCE—MEDICAL RECORDS—ADMISSIBILITY—DISCRETION.

Medical records are usually admissible but it is not an abuse
of discretion to exclude them when the offering party cannot
show that they contain additional evidence to support his legal
theory or that their exclusion would be prejudicial to him
(MCLA § 600.2146).

4. EVIDENCE — CRIMINAL LAW — RAPE — MEDICAL RECORDS — AD-
MISSIBILITY — PREJUDICE.

Exclusion of Department of Health records showing that defend-
ant and his wife were being treated for syphilis at the time
that defendant allegedly raped the complaining witness was
not error where a Department of Health records clerk, read-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  58 Am Jur, Witnesses §§ 664, 765, 766.
[3]  5 Am Jur 2d, Appeal and Error § 802.
[4]  44 Am Jur, Rape § 75.
[5]  5 Am Jur 2d, Appeal and Error § 894.
[6]  44 Am Jur, Rape § 111.

ing from the records, corroborated the wife's testimony regarding the syphilis treatment and the defendant failed to demonstrate that those records contained any additional evidence to support his theory that one infected with syphilis must transmit it to another person during sexual intercourse.

5. APPEAL AND ERROR—INSTRUCTIONS TO JURY—REVIEW.
    An appellate court considers the entire charge to the jury in reviewing claimed errors in jury instructions.

6. CRIMINAL LAW—EVIDENCE—SUFFICIENCY—REASONABLE DOUBT.
    The correct standard of proof in a criminal case is whether there is evidence sufficient to convince beyond a reasonable doubt.

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 October 16, 1969, at Detroit. (Docket Nos. 5,840, 5,841.)   Decided October 27, 1969.

Joseph Weems was convicted by a jury of armed robbery and rape.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Alan A. May,* for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM.   Defendant appeals his conviction of armed robbery and rape (MCLA § 750.529 [Stat Ann 1969 Cum Supp § 28.797], and MCLA § 750.520 [Stat Ann 1954 Rev § 28.788]).

The complainant, an unmarried woman, was asked on cross-examination whether she had ever engaged

in sexual intercourse and whether she had a child. When she answered affirmatively, defendant attempted to ask the following question:

"Approximately how many times would you say you partook of sexual intercourse?"

The trial court ruled the question improper and defendant claims error.

On cross-examination it is permissible to discredit a witness by showing a lack of morality. *People* v. *Cutler* (1917), 197 Mich 6; *People* v. *Petty* (1926), 234 Mich 282. However, as stated in *People* v. *Davis* (1955), 343 Mich 348, 366:

" 'The extent to which such examination should be permitted is a matter of discretion with the trial judge, with which this Court will not interfere, unless there is a clear abuse of discretion.' *Iamurri* v. *Saginaw City Gas Co.* (1907), 148 Mich 27, 30."

In the case at bar, the complainant testified to her lack of chastity. No showing was made of the necessity to continue the line of questioning. We do not find that the trial court's ruling constituted a clear abuse of discretion.

Defendant's second allegation of error concerns the trial court's refusal to admit into evidence Department of Health records detailing defendant's treatment for syphilis.

After complainant testified that she did not contract syphilis subsequent to the rape, defendant's wife testified that both she and her husband were being treated for syphilis at the time of the crime. The Department of Health records clerk, reading from her records, then corroborated the wife's testimony. The trial court permitted the above testimony but excluded the health records. Defendant argues that the records were necessary to estab-

lish his theory that one infected with syphilis must transmit it to another person during sexual intercourse. However, defendant has not demonstrated that the records contained additional evidence supporting his theory. Although hospital records are generally admissible,* we fail to see how defendant was prejudiced by the exclusion of Department of Health records in this case.

Defendant next questions the sufficiency of the trial court's instructions to the jury. The instructions included a standard charge with respect to establishment of the elements of the crime and the defendant's participation therein beyond a reasonable doubt. It is defendant's contention, however, that there should have been more emphasis on the necessity of finding, beyond a reasonable doubt, that the defendant committed the crime. Defendant cites *People v. Cismadija* (1911), 167 Mich 210, in support of his argument. There the Court found that the instructions had unfairly placed the burden of proof of innocence upon the defendant. Such is not the case at bar. An appellate court considers the entire charge in reviewing claimed errors in the instructions. *People v. Thomas* (1967) 7 Mich App 519. When read in full the charge given fairly apprised the jury of the law of the case.

Defendant's final claim of error is that the verdict was against the great weight of the evidence. We repeat what we stated in *People v. Washington* (1966), 4 Mich App 453, 456:

" 'The last assignment of error reiterates an incorrect standard of proof, asserting the verdict is against the great weight of evidence. The correct standard in a criminal appeal is evidence sufficient to

---

* Hospital records are considered "business records" and are admissible under MCLA § 600.2146 (Stat Ann 1962 Rev § 27A.2146), and *Gile* v. *Hudnutt* (1937), 279 Mich 358 (construing predecessor statute).

convince beyond a reasonable doubt.' *People* v. *Williams* (1962), 368 Mich 494."

Reviewing the record, we find there was sufficient evidence, if believed by the jury, to justify a finding of guilt beyond a reasonable doubt. *People* v. *Thomas, supra.*

Affirmed.