## PEOPLE *v.* RUDDER

1. APPEAL AND ERROR—CRIMINAL LAW—TRIAL—EVIDENCE—ADMISSIBILITY—OBJECTIONS.

Prosecutor's final argument to jury that fingerprints could not be taken from a knife's rough surface, and that defendant had remained silent about his alibi witnesses at the time of his arrest could not be reviewed on appeal where defense attorney had failed to object to these statements.

2. APPEAL AND ERROR—CRIMINAL LAW—BREAKING AND ENTERING—TRIAL—WITNESSES—TESTIMONY—QUESTION OF FACT.

Verdict finding defendant guilty of breaking and entering an occupied dwelling with intent to commit larceny was not against weight of evidence where there was an abundance of eyewitness testimony which together with testimony of defendant's alibi witnesses presented a question for jury.

Appeal from Recorder's Court of Detroit, David I. Kaufman, J. Submitted Division 1 January 13, 1970, at Detroit. (Docket No. 6,935.) Decided January 28, 1970.

Raymond Rudder was convicted by a jury of breaking and entering an occupied dwelling with the intent to commit larceny and of felonious assault. Defendants appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 5 Am Jur 2d, Appeal and Error § 820 *et seq.*

Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Blinstrub, O'Neill and Shannon (Michael R. Corman,* of counsel), for defendant on appeal.

Before: Danhof, P. J., and Fitzgerald and Mc-Gregor, JJ.

Per Curiam. Defendant was convicted by a jury on two counts. Count I was breaking and entering an occupied dwelling with intent to commit larceny, MCLA § 750.110 (Stat Ann 1969 Cum Supp § 28.305), for which he was sentenced to a term of 2-1/2 to 15 years in prison. Count II was felonious assault, CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277), for which he was sentenced to a term of 2-1/2 to 4 years in prison. The sentences are to run concurrently.

On appeal defendant alleges (1) that the verdict on Count I was against the weight of the evidence; (2) that the prosecutor's statement in final argument that fingerprints could not be taken from a knife's rough surface was prejudicial in that no testimony to support this statement appeared in the record; (3) that the prosecutor's reference in final argument to defendant's silence at the time of his arrest about his alibi witnesses thwarted defendant's constitutional right to remain silent; (4) and that testimony regarding bloodstains, buttons, and a radio was inadmissible because it was the result of an illegal arrest, search and seizure.

Examination of the record reveals that during the trial no objection was made to the prosecutor's final argument, nor was objection made to the admission of the buttons or radio. Indeed, the radio was defendant's own exhibit number one, and de-

fense counsel specifically stated he had no objection to the admission of the buttons. Defendant did object to testimony that certain stains were blood, and the trial court sustained this objection. Defendant is untimely in raising issues (2), (3), and (4), and we so hold. *People* v. *David Smith* (1969), 16 Mich App 198, *Laughlin* v. *United States* (CA 9, 1969), 411 F2d 1224, *People* v. *Childers* (1969) 20 Mich App 639.

Defendant's contention that the verdict on Count I was against the weight of the evidence is without merit. There was an abundance of eyewitness testimony which together with the testimony of defendant's several alibi witnesses clearly presented a question for the jury.

Affirmed.