PEOPLE v. WALSH

1. INDICTMENT AND INFORMATION—SUFFICIENCY—POSSESSION OF STO-LEN VEHICLE.

An information which adequately informed defendant that he was, in alleged violation of the statute, in possession of a motor vehicle which he "knew" or had reason to believe had been stolen was sufficient despite the fact that it was inartfully drawn.

2. INDICTMENT AND INFORMATION—DEFICIENCY—WAIVER.

Failure to object to a deficiency in an information at the *voir dire* or during the jury charge constitutes a waiver of that issue on appeal.

3. APPEAL AND ERROR—PRESERVING QUESTION.

An issue is not properly preserved for appeal where there is failure to object to hearsay evidence at the time witness testifies.

4. EVIDENCE — STATEMENT — ADMISSIBILITY — WARNING OF RIGHTS — TRAFFIC VIOLATION.

A statement by defendant that he owned the automobile which he was driving when he was stopped for speeding, before he had been accused of possessing a stolen motor vehicle, was not made inadmissible by failure of the policeman who stopped him to give him a warning of his rights.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations §§ 306–313.
[2] 41 Am Jur 2d, Indictments and Informations §§ 300–303.
Right to waive indictment, information, or other formal accusation. 56 ALR2d 837.
[3] 5 Am Jur 2d, Appeal and Error §§ 553–557.
Consideration, in determining facts, of inadmissible hearsay evidence introduced without objection. 79 ALR2d 890.
[4] 29 Am Jur 2d, Evidence §§ 600–614.
[5] 53 Am Jur, Trial §§ 824–835.

5. TRIALS—JURY—REQUESTED INSTRUCTION—TIMELY OBJECTION.
   Failure of the trial court to include in instructions to the jury
      a charge as to guilty knowledge in a prosecution for posses-
      sion of a stolen motor vehicle cannot be urged as error when
      both prosecution and defense attorneys indicated out of the
      hearing of the jury, but on the record, that they were sat-
      isfied with the charge as given, and where the instructions
      as a whole were substantially correct (GCR 1963, 516.2).

Appeal from Wayne, Benjamin D. Burdick, J. Submitted Division 1 April 13, 1970, at Detroit. (Docket No. 6,278.) Decided October 2, 1970.

Joseph Daniel Walsh was convicted of possession of a stolen motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*M. Glenn Grossman,* for defendant on appeal.

Before: T. M. BURNS, P. J., and LEVIN and DAVIDSON,* JJ.

PER CURIAM. On July 18, 1968, defendant was sentenced to from five to ten years, with a recommendation of psychiatric treatment, for violation of MCLA § 257.254 (Stat Ann 1970 Cum Supp § 9.1954), possession of a stolen motor vehicle.

The facts as stated by the defendant in his brief, and accepted by the plaintiff are:

"The *voir dire* examination, conducted only by the court, consisted of two steps: ascertaining whether

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the jurors knew any of the participants in the trial, and then telling them the nature of the charge. The prosecutor noted faces in the jury familiar to him.

"Dennis M. Deabler testified that on February 3, 1968, while he was the administrative manager at Bart Lincoln Mercury, among his duties being the inventorying of new cars, he was approached by one of the salesmen concerning the whereabouts of a certain car. After making a search about the premises and questioning the employees, he reported it stolen to the police. About three weeks later he saw it at the police station. Defendant had not bought the car, not, as far as this witness knew, had he been given permission to take it. Deabler did not know who took the car, and assumed that no one had loaned it out.

"James J. Jurcak, a police officer of Grosse Pointe Shores, on February 23, 1968, saw the car speeding, stopped it, saw defendant as driver and another male as passenger, and requested operator's license and registration of defendant. The defendant stated that he was taking the passenger to a doctor, and that he had left his wallet at home and that the car belonged to him. The passenger complained of stomach pains.

"The information was amended so that the license plates of the car were described as of 1967 rather than 1968. Officer Jurcak at his radioed request received information from the station that the license plates belonged to a different car and not registered to defendant, whereupon the officer arrested defendant and advised him of his constitutional rights. This witness received the answer to a teletype sent by someone else to the effect that it was a stolen car. After Officer Jurcak told defendant that the car was stolen, defendant stated that he had borrowed it from one Gene Janesse whom defendant had met in a bar and seen around the neighborhood.

"Detective William Marshall testified that Janesse was in custody long before the date that the defendant was —, and that he was satisfied that Janesse was in custody either in Wayne County or Jackson prison from February 5, 1968, through February 23, and that he has a duplicate arrest card from Green Bay, Wisconsin, and a duplicate card indicating his presence in the Wayne County jail.

"For the defense, Durwood Gibson testified that he had noticed the car in the neighborhood for about two months, that he had known defendant for about two and one half years, and that on February 21 or 22 at the Dug Out bar defendant introduced the witness to Janesse, at which time defendant asked for and received Janesse's permission to use his car the next day, which was also the last time that the witness saw the car in the neighborhood.

"Harry Hryczyki, the owner of the bar, testified that he saw Janesse in possession of and buying gas for a car in the winter of 1968, but never saw defendant driving it.

"A daughter of one of the jurors became ill and that juror was excused with the consent of the parties.

"Kenneth Scramlin, a porter at the bar, stated that he saw Janesse driving the car he said was his, that the witness used it once, that he never saw defendant drive it, and that he saw defendant in the bar with Janesse. He further said that he was pretty sure that he saw the car after February 23.

"Shirley Mathews, knowing defendant as a customer in a restaurant where she worked, knew that he owned no car, but recalled that he had driven her to work once in a car he had borrowed from a man she had seen around for five or six weeks in the winter of 1968. It was similar to the subject car, and she had seen the man driving it several times.

"Dale Gonter corroborated the general outline drawn by the preceding defense witnesses.

"A prosecution rebuttal witness, Macomb Sheriff Sergeant Clarence Overholt, in charge of the records in that office, whose job entailed getting the cards of prisoners already logged into the jail, placing it in the record book, and keeping track of the amount of time the prisoner is in jail.   This witness had with him the card for Eugene Janesse, which indicated that he entered that jail on February 10, 1968, and left on March 28, 1968, for Jackson prison.

"In his closing argument, the prosecutor stressed the custody of Janesse as indicating that the defense witnesses were lying.

"Pages 114 to 120 of the transcript indicate the concern of the defendant's lawyer about a proper charge as to knowledge.

"After the charge, the jury found the defendant guilty as charged."   (Page citations omitted.)

Does the criminal information sufficiently conform to the statute under which it was drawn to support the verdict?

The defendant asserts that the somewhat inartfully drawn information was so deficient that it makes the guilty verdict immaterial.   We cannot agree.   Although defendant's arguments of deficiency would be telling if we were to decide on grammatical niceties, we are compelled to reject them here.

The information adequately informed the defendant that he was, in alleged violation of the statute, in possession of a motor vehicle which he "knew" or had reason to believe had been stolen.   See also MCLA § 767.59 (Stat Ann 1954 Rev § 28.999).

Defendant raised no objection to the information at *voir dire* or during the jury charge.   Therefore, he may not raise the possible imperfection now.

The defendant's claim that MCLA § 257.254 (Stat Ann 1970 Cum Supp § 9.1954) is unconstitutionally vague is groundless. See *City of Dearborn Heights* v. *Bellock* (1969), 17 Mich App 163, 166; compare *City of Detroit* v. *Sanchez* (1969), 18 Mich App 399.

With regard to defendant's claim that the trial court committed reversible error by allowing certain allegedly hearsay evidence to be admitted, we note that "no objection was made at the time these witnesses testified or any time before appeal, so this issue is not properly preserved for appeal. In the absence of manifest injustice, we decline to consider it now. *People* v. *Dorrikas* (1958), 354 Mich 303; *People* v. *Lewis* (1967), 6 Mich App 447". *People* v. *Waters* (1969), 16 Mich App 33, 35.

A review of the record does not demonstrate to us that a manifest injustice was committed here. Therefore, we will not consider the question of possible hearsay evidence being admitted.

Defendant's assertion before this Court, that since the officers did not apprise him of his right to remain silent, his statement that the automobile belonged to him was inadmissible, is without substantial merit.

The defendant was stopped for speeding. When he was asked for his driver's license and registration, he stated that the car belonged to him but that he left his wallet home. Defendant's response, the admittance of which he now declares to be reversible error, was volunteered before the accusational finger had been pointed at defendant with regard to the possession of the automobile. It was given in response to the traffic officer's request for his license and registration in conjunction with the speeding. We see no application of *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974) here.

Finally, defendant argues that the failure of the trial court to include in his instructions to the jury a charge as to guilty knowledge was reversible error. A careful review of the trial court's instructions as a whole convinces us that the instructions were substantially correct and that they were sufficient. We find that the defendant's assertions of error are non-meritorious. Further, we note that at the conclusion of the charge both prosecution and defense attorneys indicated out of the hearing of the jury, but on the record, that they were satisfied with the charge as given.

We consider the situation here to be controlled by GCR 1963, 516.2, which provides that:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Since defendant made no timely objection or request, he may not now claim error in the instructions. *People* v. *Jefferson* (1969), 18 Mich App 9, 13; *People* v. *David Smith* (1969), 16 Mich App 198.

After a careful review of all the issues properly before this Court, we find no reversible error.

Affirmed.