PEOPLE *v.* NEWSOME

1. WITNESSES—IMPEACHMENT—IMMORALITY—DISCRETION.

   A witness may be discredited on cross-examination by showing immorality, but the extent of that examination is within the trial court's discretion.

2. WITNESSES—IMPEACHMENT—IMMORALITY—DISCRETION.

   Refusing to allow the defendant's counsel to continue questioning the complainant concerning her illicit relationship with a man, her divorce, and her loss of custody of her children was not an abuse of discretion where these matters of immorality had been conveyed to the jury.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 December 8, 1970, at Lansing. (Docket No. 7748.) Decided January 26, 1971.

Leroy Newsome was convicted of armed robbery and felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*John T. Connolly,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Witnesses §§ 720, 765.
   Cross-examination as to sexual morality for purpose of affecting credibility of witness. 65 ALR 410.

Before: McGregor, P. J., and T. M. Burns and Andrews,* JJ.

Per Curiam.   Defendant was convicted by a jury of robbery armed, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797), and felonious assault, MCLA § 750.82 (Stat Ann 1962 Rev § 28.277).   He was sentenced to serve 10 to 20 years imprisonment; from this conviction and sentence he appeals as of right.

During the trial, defense counsel sought to impeach the testimony of the complaining witness by showing her alleged immorality.   Defense counsel conveyed to the jury the fact that her divorce was pending, that she was about to or had lost custody of her children, and her illicit relationship with another man.   Although these matters were brought out, the judge refused to allow the defense attorney to pursue these matters in depth.   Defendant now contends that the trial judge's refusal to allow him to further explore these matters constituted reversible error.   We disagree.   *People* v. *Davis* (1955), 343 Mich 348.

In *People* v. *Weems* (1969), 19 Mich App 553, 555, we stated:

"On cross-examination it is permissible to discredit a witness by showing a lack of morality. *People* v. *Cutler* (1917), 197 Mich 6; *People* v. *Petty* (1926), 234 Mich 282".

Furthermore, the court said that the extent of such cross-examination is a matter within the discretion of the trial judge which this court will not interfere with unless there is a clear abuse.

In the case at bar, the testimony concerning complainant's illicit relationship as well as her divorce

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and loss of custody of her children was conveyed to the jury. The trial judge did not abuse his discretion in refusing to allow the defense counsel to question the complaining witness further. *People* v. *MacCullough* (1937), 281 Mich 15; *People* v. *Joseph Barbara, Jr.* (1970), 23 Mich App 540.

Conviction affirmed.