PEOPLE v BROOM

OPINION OF THE COURT

1. CRIMINAL LAW—INSTRUCTIONS TO JURY.

A trial court's instructions to the jury must be read as a whole to determine if the jury was clearly apprised of the applicable law in the case.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR—STATUTES.

No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice (MCLA 769.26).

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—OBJECTION—PRESERVING QUESTION.

No party may assign as error failure to give or the giving of an instruction unless an objection is raised before the jury retires to consider the verdict.

4. CRIMINAL LAW—FAIR TRIAL—SPECTATOR COMMENT—INSTRUCTIONS TO JURY.

No prejudicial error inured to a defendant because of a comment by a spectator where the spectator's comment was unexpected and the trial court promptly instructed the spectators to behave and thoroughly admonished and instructed the jury to disregard the comment.

DISSENT BY R. B. BURNS, J.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—SELF-DEFENSE—DUTY TO RETREAT.

*A man is not obliged to retreat if assaulted in his dwelling, but*

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 842.
[2] 5 Am Jur 2d, Appeal and Error § 810.
[3] 5 Am Jur 2d, Appeal and Error § 623.
[4] 21 Am Jur 2d, Criminal Law §§ 260, 261.
[5] 40 Am Jur 2d, Homicide §§ 167, 168.

*may use such means as are absolutely necessary to repel the assailant from his house, or to prevent his forcible entry, even to the taking of life; therefore, a jury instruction in a case where defendant was in his dwelling when he shot a man which said that if defendant could have retreated then he should have done so was erroneous.*

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted Division 1 May 14, 1973, at Detroit. (Docket No. 14393.) Decided November 1, 1973.

Eli Broom was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

V. J. BRENNAN, J. The defendant, Eli Broom, was convicted by a jury of murder in the second degree (MCLA 750.317; MSA 28.549). Briefly the facts are that the defendant shot and killed one Cedric Straud. The shooting occurred at the home of the defendant and the deceased; the deceased had been living there temporarily. The defendant, on the night of the shooting, found some money missing and, as a result, told the deceased that the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

deceased would have to find another place to live. Defendant claims he had to shoot the deceased in order to protect himself, that he was afraid of the deceased and of possible bodily harm that may be inflicted upon him. The testimony shows that the deceased did not have a weapon at the time of the killing; and the jury, after hearing the testimony and listening to the defendant's plea of self-defense, returned a verdict of guilty of second-degree murder.

The defendant claims that the court erroneously instructed the jury regarding self-defense. We recite a portion of the court's instructions in this area and emphasize certain areas to show that the instructions, when read as a whole, would not at all amount to a miscarriage of justice; and, in fact, when read as a whole, clearly apprise the jury of the law in this case. *People v Weems,* 19 Mich App 553; 172 NW2d 865 (1969).

"But the original premise is this: you may not be the aggressor and then claim self-defense.

"No. 2, you must show that there existed at the time that you had to strike a fatal blow, that there existed in the defendant's mind the present and impending necessity to strike such blow in order to save himself from death or some great bodily harm. See.

"Now if somebody just walks up to you and say, well, I am going to do something to you, and you don't see any weapon, or you haven't had any combat with him at all, if he is just standing there, and you have a gun, you don't have a right to shoot him right then, because there is no impending danger of your being killed, or that there is going to be any great bodily harm inflicted upon you.

"Now you have to keep in mind the defendant's story here when he told it to you. If you believe him, you have to see not what you see, that's not the test, you have to try to find out what the defendant saw, and what he thought, because that's the law, not what you

think now, sitting in that jury box, because you are calm, you are not under attack; if you find he was under attack. That's a hard thing to do, but hard as it is, you have to do it, you are the jurors. You have to say now, I have to look through the eyes of the defendant. Was there this existing impending danger of him being killed, or great bodily harm being inflicted upon his body. That's the law.

"Now, if you find that he has told you the truth, and you feel that he felt that this thing was existing and it was real, and if he had not shot he would have been mortally wounded, or there would have been great bodily harm inflicted upon his body, then he had a right to defend himself.

"And if it didn't exist, then he did not have a right to do what he told you he did.

"Now the third thing that must exist is that there was no way out; that if he could have retreated and gotten out of the way, then he should have done that.

"Now if he felt that he could not have retreated, and there was no way out, and this present danger existed, he had a right to do what he told you he did.

"Now in a claim of self-defense, the defendant does not have to prove he acted in self-defense. The prosecution must prove he didn't act in self-defense, because this is a criminal case, and the burden of proof is upon the prosecution.

"Now let's just go back through the three things that must exist.

"The defendant must not have been the aggressor.

"The defendant must have thought at the time he fired this rifle that there was impending danger of death or great bodily harm being inflicted upon his body. And that there was no way out by retreating.

"Now I feel it is my duty to explain to you this: *that when a person is where he has a right to be, I don't think the law imposes as great a duty for him to retreat as if he is in a place where he has no right to be.*

"Now you have heard the testimony in this case, and I am not going to comment on the testimony, other than to say it appeared that both had a right to be where they were, but the defendant was the landlord;

he was in charge. The other man *was not a trespasser though;* the deceased; *he had been given permission to be there.* But I do not think that the law requires one to retreat in the same degree as if he is where he should be and have a right to be—has a right to be, than if he was someplace else." (Emphasis added.)

We point out also that at the conclusion of the trial court's instructions, he asked counsel if there was anything that he had not covered and counsel stated that he was satisfied with the court's instructions. The law on that point is clear:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, * * * unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." MCLA 769.26; MSA 28.1096.

Also, the courts have, on many occasions, set forth that no party may assign as error failure to give or the giving of an instruction unless an objection is raised before the jury retires to consider the verdict. They must, at that point, specifically state the grounds for their objection. *People v Jefferson,* 18 Mich App 9; 170 NW2d 476 (1969); GCR 1963, 516.2; *People v Walsh,* 27 Mich App 100; 183 NW2d 360 (1970); *People v David Smith,* 16 Mich App 198; 167 NW2d 832 (1969). As pointed out above, an examination of this record does not indicate any miscarriage of justice which would require this Court to set aside a jury verdict on the basis of error in the instructions. As we have pointed out, the instructions were not erroneous and, read as a whole, were not unfair.

Defendant also claims that a spectator comment was prejudicial to his cause. We have examined the record in this area and find that the specta-

tor's comment was unexpected; and, also, the trial
court promptly instructed the spectators to behave
themselves and very thoroughly admonished and
instructed the jury to disregard the outburst. Some
mention has been made that the prosecutor was
allowed too much latitude in the cross-examina-
tion of the defendant. We find this argument to be
without merit because the court, in its discretion,
properly instructed the jury and limited the prose-
cutor, which we feel corrected any prejudice that
may have inured to the defendant.

Conviction affirmed.

VAN VALKENBURG, J., concurred.

R. B. BURNS, P. J. *(dissenting).* Defendant was
convicted by a jury of murder in the second de-
gree. MCLA 750.317; MSA 28.549.

Defendant shot and killed Cedric Straud. The
shooting occurred in the home of the defendant.
Defendant testified that the deceased and his girl
friend were living in his apartment at the time of
the shooting. On the night of the killing the de-
fendant found some money missing and informed
the deceased that he would have to find another
place to live. Defendant further testified that he
was afraid the deceased would harm him and,
being fearful of an attack, shot the deceased. De-
fendant pleaded self defense.

The trial court instructed the jury in part:

"Now the third thing that must exist is that there
was no way out; that if he could have retreated and
gotten out of the way, then he should have done that."

In *People v McGrandy,* 9 Mich App 187, 190; 156
NW2d 48, 49 (1967), this Court stated:

" 'A man is not, however, obliged to retreat if as-

saulted in his dwelling, but may use such means as are absolutely necessary to repel the assailant from his house, or to prevent his forcible entry, even to the taking of life.' "

The trial court erred in its instructions to the jury.

I would reverse and remand for new trial.