### PEOPLE v SMITH

1. Criminal Law—Instructions to Jury—Preserving Question—
   Material Element of Defense.

   An appellate court is not precluded from considering a defendant's claim that an instruction to the jury was erroneous even though no objection was raised below where the alleged error in the instruction relates to a material element of the defendant's defense.

2. Homicide—Manslaughter—Defenses—Self-Defense—Duty to
   Retreat—Dwelling—Instructions to Jury.

   Instructing a jury in a manslaughter trial that the defendant claiming self-defense had a duty to retreat was reversible error where the defendant was in his dwelling at the time of the homicide.

3. Homicide—Manslaughter—Defenses—Self-Defense—Duty to
   Retreat—Dwelling.

   A defendant convicted of manslaughter who had left his own home and had been staying with a friend at her apartment for approximately one week prior to the homicide was, for all practical purposes, in his own dwelling when at that apartment; therefore, the defendant had no duty to retreat to claim self-defense as to a homicide which occurred at that apartment.

Appeal from Saginaw, Eugene Snow Huff, J. Submitted Division 3 March 6, 1974, at Grand Rapids. (Docket No. 16858.) Decided August 12, 1974.

Samuel W. Smith was convicted of manslaughter. Defendant appeals. Reversed and remanded for new trial.

References for Points in Headnotes
[1] 53 Am Jur, Trial §§ 650, 651.
[2, 3] 40 Am Jur 2d, Homicide §§ 145, 151.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Daniel R. Connell,* Chief Appellate Attorney, for the people.

*Michael C. Moran,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and BASHARA, JJ.

V. J. BRENNAN, J. Defendant, Samuel W. Smith, was convicted of manslaughter (MCLA 750.321; MSA 28.553) by a jury in the Saginaw Circuit Court and sentenced to from 5 to 15 years in prison. He now appeals as of right.

Defendant and Rebecca Norris, the deceased, had been living together for a number of years. In an effort to break off the relationship defendant moved out of his house until Rebecca could find a new residence. Defendant moved to the apartment of Linda Guerrero, where the fatal shooting took place approximately one week later. On the night of the slaying, the deceased came to Linda Guerrero's apartment and an argument developed between the defendant and the deceased. The deceased grabbed a loaded shotgun sitting in the corner of the room and fired two shots, both of which ended in the ceiling. Testimony was presented that the deceased, before the second shot was fired, aimed the shotgun directly at defendant and that other persons in the room diverted the gun in such a manner as to cause the blast to go into the ceiling. What actually happened after this is not at all clear from the record, there being several different versions. Suffice it to say that a struggle ensued, that other guns were present in the room at one time or another and that defend-

ant shot and killed the deceased, allegedly out of fear for his own life.

The trial judge instructed the jury on the law of self-defense in the following manner:

"As you know members of this jury by this time the defendant in justification of the offense here charged against him, has interposed a plea of self defense, and under certain circumstances this is a good defense. To make the plea available it must appear that the defendant Samuel W. Smith was without fault upon his part. If he himself was the aggressor in the conflict, he cannot invoke the doctrine of self defense as an excuse for the killing, unless he was at that time, in imminent danger of losing his own life or suffering some grievous bodily injury, and there was no way open for him to retreat, as he saw it, and his only safety lay in firing the shot which caused the death of the deceased Rebecca Norris. Self defense in proper cases, is the right of every person but it will not justify the taking of a human life unless you jurors shall be satisfied from the testimony; first, that the defendant was not the aggressor in bringing on the difficulty, as has just been pointed out; second, that there existed, at the time of the firing of the fatal shot in the defendant's mind, a present and impending necessity to fire such shots in order to save himself from death or some great bodily harm; and third, there must have been no way open whereby he could have retreated, as it appeared to him at that time, to a place of safety and thus avoided the conflict. Unless you find all three of these elements in the case, then the plea of self defense failed."

Defendant claims that this instruction was reversibly erroneous. Although no objection to the above instruction was raised below, we are not precluded from considering the issue now presented since the alleged error in the instruction relates to a material element of defendant's defense.[1]

---

[1] *People v Townes,* 391 Mich 578; 218 NW2d 136 (1974); *People v*

Defendant contends that, since he was confronted by the deceased in what was his dwelling at the time of the shooting, he was under no duty to retreat and that the court's instruction to the contrary constitutes reversible error. We agree. The instruction given in the instant case was almost identical to that found objectionable by another panel of this Court in *People v McGrandy,* 9 Mich App 187; 156 NW2d 48 (1967). The prosecution argues that the defendant herein was not in his own dwelling at the time of the shooting but, rather, he was only temporarily present in the dwelling of another. While this is true we do not, under the facts of this case, consider this to be sufficient to warrant a different result. Defendant left his home and took up residence at Linda Guerrero's apartment where he stayed for approximately one week and where he intended to stay until the deceased left his home. This was, for all practical purposes, his dwelling.

Sufficient facts were here presented to make the question of whether defendant killed the deceased in self-defense a jury-submissible question and he was entitled to have the jury properly instructed. This was not done. The instructions, insofar as they instructed the jury that defendant had a duty to retreat, were reversibly erroneous.[2]

We do not find it necessary to reach defendant's additional contentions, as they are not likely to occur on retrial. It should be noted, however, that

*Paxton,* 47 Mich App 144; 209 NW2d 251 (1973). *People v Broom,* 50 Mich App 337; 213 NW2d 247 (1973), is not to the contrary. *Broom* decided only that under the peculiar facts of that particular case the instruction there complained of was not such as to require reversal of that defendant's conviction.

[2] *See People v Townes, supra,* for the circumstances under which it is proper for the trial judge to instruct the jury on the effect of defendant being the aggressor in the confrontation, an issue not here raised.

the admissibility of evidence relating to the deceased's reputation for violence is to be judged by the standard set forth in *People v Stallworth,* 364 Mich 528; 111 NW2d 742 (1961).

Reversed and remanded for new trial.

All concurred.