PEOPLE v PHILIP DRAKE

Docket No. 71727. Submitted August 15, 1984, at Lansing.—Decided May 6, 1985.

Philip C. Drake was convicted of second-degree murder and felony-firearm following a jury trial in Saginaw Circuit Court, Fred J. Borchard, J. At trial, defendant moved to suppress the admission of testimony to the effect that the handgun he used to shoot the victim and a handgun found in his automobile were stolen property and moved to suppress the admission of the handgun found in his automobile and one found in his room. The motion was denied and the testimony and weapons were admitted into evidence. Defendant appealed. *Held:*

1. Since neither the testimony as to the stolen nature of the weapons nor the weapons found in defendant's automobile and room were relevant to the question of defendant's guilt on the homicide charge, that testimony and those weapons should not have been admitted into evidence. The admission of that evidence was clearly prejudicial because of its inflammatory nature. Accordingly, the admission of that evidence cannot be said to have been harmless error.

2. Defendant's remaining issues relating to the trial were not properly preserved for appellate review.

3. Because the conviction was reversed on the basis of the erroneous admission of evidence, the issues relating to sentencing were not addressed.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — WEAPONS — RELEVANCY.

It is error in a murder trial to admit into evidence handguns other than the murder weapon found in the defendant's residence and automobile and to admit testimony relative to the

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 251 *et seq.*
    40 Am Jur 2d, Homicide § 270 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 601 *et seq.*
[3] 40 Am Jur 2d, Homicide § 482 *et seq.*
    Accused's right, in homicide case, to have jury instructed as to both unintentional shooting and self-defense. 15 ALR4th 983.

fact that the murder weapon had been stolen where such evidence has no relevance to the question of the defendant's guilt on the homicide charge; the admission of such evidence cannot be said to be harmless error, since the defendant was so prejudiced by the inflammatory nature of the evidence that he was denied a fair trial and without such evidence it is reasonably possible that at least one member of the jury might have voted to acquit the defendant (MRE 402, 403, 404[b]).

2. APPEAL — PRESERVING QUESTION — CRIMINAL LAW.

The failure by a criminal defendant to make a timely objection at trial concerning the prosecution's line of questioning precludes appellate review in the absence of a showing of manifest injustice.

3. CRIMINAL LAW — JURY INSTRUCTIONS — SELF-DEFENSE.

The failure of a trial court to give the no duty to retreat instruction in a homicide trial in which self-defense has been asserted, in the absence of a request for such an instruction, does not mandate reversal where the jury was given instructions which fairly presented the self-defense issue (CJI 7:9:03).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Annette M. Gray,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *John Nussbaumer),* for defendant on appeal.

Before: CYNAR, P.J., and WAHLS and S. T. FINCH,* JJ.

CYNAR, P.J. Defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during commission of a felony, MCL 750.227b; MSA 28.424(2), after a jury trial. Defendant was sentenced to a term of life imprisonment and to a consecutive two-year term for the felony-firearm conviction. Defendant appeals to this Court as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

At the trial evidence was admitted, over defense counsel's objections, which showed that: 1) the handgun that killed the victim was stolen, 2) a second, unregistered handgun was found in defendant's bedroom, and 3) a third stolen handgun was found in defendant's automobile. Defense counsel had moved to exclude evidence of the stolen nature of two of the weapons. The motion was denied. The trial court also overruled objections to the admission into evidence of the two handguns which were not involved in the homicide. On cross-examination the prosecutor asked defendant if he knew that the law requred registration of handguns. The prosecutor also commented on the fact that defendant had stolen handguns in his possession while claiming he did not know how to handle weapons.

MRE 402 states that evidence which is not relevant is not admissible. It is plain to us that the stolen character of the murder weapon was irrelevant to the case. It is equally clear that the other two weapons were erroneously admitted because they had absolutely no relevance to the determination of defendant's guilt as to the homicide charge. Furthermore, this evidence should also have been excluded because its probative value was far outweighed by its prejudicial impact. MRE 403. Finally, the evidence was inadmissible under MRE 404(b) which states that other crimes, wrongs or acts are inadmissible to prove the character of a person in order to show that he acted in conformity therewith on a particular occasion. The prosecutor argued in closing that possession of stolen weapons indicated that defendant was familiar with weapons. Having put the above evidence to this use, and offering no other valid reason for its use, we must conclude that this evidence was

inadmissible under MRE 404(b). The admission of this evidence was error requiring reversal.

We cannot consider this error to be harmless. The evidence of defendant's possession of the other two weapons and the stolen nature of the murder weapon could only have inflamed the passions of the jury. This evidence added absolutely nothing to the case against the defendant except to suggest to the jury that he was a bad man. It was exactly this type of prejudicial impact that concerned the Court in *People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982). Those same concerns require reversal of defendant's conviction in this case. Without this prejudicial evidence it is reasonably possible that, in a trial free from this error, one member of the jury would have voted to acquit the defendant. Defendant must therefore be retried. *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974), *lv den* 395 Mich 810 (1975). The evidence was so patently inflammatory that it deprived defendant of a fair trial. *People v James Brown,* 43 Mich App 170; 204 NW2d 72 (1972).

Defendant's next claim is that the prosecutor improperly injected facts unsupported by evidence into the proceedings. The prosecutor, during cross-examination of the defendant, asked him if his involvement with another woman made him want to eliminate the victim from his life. During cross-examination of the defendant's father the prosecutor also inquired if defendant's father had made sexual advances toward the victim. These questions assumed facts not in evidence. No timely objection was made to these questions by defense counsel. Absent manifest injustice this Court will not review such a claim. If a timely objection had been made, a curative instruction could have cured any alleged prejudice. *People v Thomas Jones,* 73 Mich App 107, 110-111; 251 NW2d 264

(1976). Furthermore, there was no manifest injustice because the trial court instructed the jury that questions of counsel were not to be considered as evidence and because the prosecutor did not mention the challenged questions and answers in closing argument.

Defendant's next claim is that the trial court erred by instructing the jury that defendant had a duty to retreat in order to avoid using deadly force. CJI 7:9:02. This claim was not preserved by a timely objection. Defendant did not request the "no duty to retreat" instruction. CJI 7:9:03. Review is foreclosed absent manifest injustice to the defendant. *People v Broom,* 50 Mich App 337, 341; 213 NW2d 247 (1973). No manifest injustice occurred in this case. The self-defense instructions given fairly presented the self-defense issue to the jury. *People v Bender,* 124 Mich App 571, 574-576; 335 NW2d 85 (1983); *People v Norwood,* 123 Mich 287, 295-296 333 NW2d 255 (1983), *lv den* 417 Mich 1006 (1983). Furthermore, on the facts of this case, where defendant was outside of his house and the supposed burglar was almost across the lot line of defendant's property, defendant was not entitled to a *sua sponte* instruction by the trial court that he had no duty to retreat. *People v Szymarek,* 57 Mich App 354, 357; 225 NW2d 765 (1975), *lv den* 394 Mich 786 (1975); *People v Godsey,* 54 Mich App 316, 320-321; 220 NW2d 801 (1974); *Broom, supra,* p 341; *People v Squire,* 123 Mich App 700, 708-709; 333 NW2d 333 (1983).

Defendant next complains that the trial court misled the jury by instructing on the lesser-included offenses of voluntary and involuntary manslaughter in a manner which did not recognize the defense's theory of the case. We find the instructions on involuntary manslaughter and voluntary manslaughter comported with defendant's theory

of the case. This case is distinguishable from *People v Ora Jones,* 395 Mich 379, 393; 236 NW2d 461 (1975), and *People v Jones,* 76 Mich App 601; 257 NW2d 185 (1977), where the trial courts totally failed to instruct on involuntary manslaughter when the defense of accident had been offered.

Because we are reversing this case, we will not address defendant's arguments that remand for resentencing is required by reason of the fact that the trial court failed to acknowledge defense counsel's request to consider the polygraph report in passing sentence, that his sentence is excessive and that his presentence report was defective.

Defendant's conviction is reversed and the matter is remanded for a new trial.