PEOPLE *v.* PARKER

CRIMINAL LAW—NARCOTICS—POSSESSION OF MARIJUANA—EVIDENCE —SUFFICIENCY.

> Defendant's conviction of possession of marijuana was supported by sufficient evidence where a witness, defendant's girl friend, testified that she had smoked marijuana the day of defendant's arrest with the defendant, that later she had taken the remainder of the marijuana to make a sale, that she and the defendant were to split the profits from the sale, and that after the sale, which was to a police informer who had given her marked money, she returned to the defendant's motel room, and where, even though no marijuana was found in defendant's possession, the marked money was found in defendant's possession (MCLA § 355.153).

Appeal from Chippewa, William F. Hood, J. Submitted Division 3 October 15, 1970, at Marquette. (Docket No. 8721.) Decided February 23, 1971. Reversed by Supreme Court and remanded for new trial, 386 Mich 774.

Freddie Parker was convicted of possession of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Farrell E. Elliott,* Prosecuting Attorney, for the people.

*Veum & Veum,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTE
25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 44–47.
30 Am Jur 2d, Evidence §§ 289–291, 1124 *et seq.*

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

PER CURIAM. Defendant was charged with possession of marijuana, contrary to MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123), and found guilty in a jury trial. On appeal, defendant claims that there was not sufficient evidence to support the verdict beyond a reasonable doubt and that a jury instruction concerning possession was improper.

At trial, defendant's girl friend testified that the defendant had brought a quantity of marijuana to Sault Ste. Marie, Michigan, that she and the defendant had smoked marijuana together in his motel room on the day of the arrest, that defendant had supplied the marijuana, and that, later, she had taken the remainder in her car to make a sale. The girl also testified that the defendant and herself were to share the profits of the sale. The girl friend was the only witness to testify as to having seen defendant in possession of the marijuana.

On the day of the arrest, a sale had been set up by the police between the girl friend and a purchaser with marked money. Immediately after the sale, she went to the defendant's motel room, stayed a few moments, and was arrested when she left. The remaining marijuana was found in her car. No marijuana or traces thereof were found on the person of the defendant or in his room. The marked money, however, was found on his person. Defendant disclaimed all knowledge of the marijuana.

The jury obviously believed the girl friend's detailed version of the day's events, as opposed to the

_____

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant's rather weak explanations. The record shows sufficient evidence to support the verdict. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; *People* v. *Weems* (1969), 19 Mich App 553.

The instructions in this case, taken as a whole, are accurate. *People* v. *Jones* (1965), 1 Mich App 633; *People* v. *Thomas, supra.* Counsel did not object to the instruction and the record does not support his contention that he was denied an opportunity to do so outside the hearing of the jury. This objection was not preserved for appeal. GCR 1963, 516.2.

Affirmed.