## STATE v. JOHN H. PHILLIPS.

(*October* 19, 1936.)

LAYTON, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*P. Warren Green,* Attorney-General, and *Caleb M. Wright,* Deputy Attorney-General, for the State.

*Houston Wilson* and *Frederick P. Whitney* for the defendant.

Court of Oyer and Terminer for Sussex County, Indictment for Murder in the Second Degree, No. 30, June Term, 1936.

LAYTON, C. J., charged the jury, in part, as follows:
The duty to retreat when one is attacked is, generally speaking, the law, and is applicable to most cases in which the right of self-defense is invoked as a defense; but in the case before you there is no denial of the fact that the accused was a lawful occupant of the house in which the fatal blow

was struck. It is in evidence that the accused had for some time made his home in the same house with the deceased and their respective parents, and while it appears that the deceased paid the rent, yet there is nothing to suggest in the evidence that the accused was other than a lawful occupant of the house. In the circumstances and state of the evidence the house in question was the home of the accused.

Generally, it is accepted law handed down to us through many generations that every man's house is his sure place of refuge and castle of defense, and when one is violently attacked therein by any person who intends to kill him or to do him grievous bodily harm, he need not retreat nor take any steps to get out of the way, but may stand his ground and oppose force with force even to the extent of killing his assailant if necessary for his own safety.[1]

The State does not deny this general principle; it admits the application of it in the case where one is attacked outside his home and retreats to it. In such case it is admitted that one need retreat no farther. Nor do we understand the State to deny the application of the principle to a case where one in his own home is attacked by an intruder, but it is denied that the principle is to be applied where both the assailant and the person assailed lived in the same house, using it generally as joint occupants.

We can see no more reason why one should retreat from his own house when attacked by a co-tenant or joint occupant than when attacked by a trespasser or intruder. If the house is the home of the person attacked it is his

---

[1] See *State v. Horskin, Houst. Cr. Cas.* 116; *State v. Dugan, Houst. Cr. Cas.* 563, 580; *State v. Mills,* 6 *Penn.* 497, 69 *A.* 841.

See, also, *State v. Becker,* 9 *Houst.* 411, 415, 33 *A.* 178; *State v. Warren,* 1 *Marv.* 487, 489, 41 *A.* 190; *State v. Talley,* 9 *Houst.* 417, 425, 33 *A.* 181.

natural place of refuge, and if he is required to retreat therefrom or to flee when attacked by another occupant, the question arises at once, Where shall he flee, and how far shall he flee, and when may he be permitted to return? If he is a lawful occupant, he has the right to remain in the house, and that right is not lessened or destroyed by the fact that he enjoys his right in common with another or with others. So where a person lawfully makes his home in a house, having the status of a lawful occupant, and is violently attacked by another occupant, in circumstances showing an imminence of death or of great bodily harm, he is no more obliged to retreat or flee from the house than in the case where one in his own house is attacked by an intruder. See *Jones v. State*, 76 *Ala.* 8; *Note*, 47 *A. L. R.* 421; *People v. Tomlins*, 213 *N. Y.* 240, 107 *N. E.* 496, *Ann. Cas.* 1916C, 916; *Watts v. State*, 177 *Ala.* 24, 59 *So.* 270; 30 *C. J.* 72.