197 So.2d 312 (1967)
Elizabeth WATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 833.
District Court of Appeal of Florida. Fourth District.
April 6, 1967.
Clyde T. Windham, Public Defender, and David C. Clark, Asst. Public Defender, West Palm Beach, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Fred T. Gallagher, Asst. Atty. Gen., Vero Beach, for appellee.
MELVIN, WOODROW M., Associate Judge.
The appellant, Elizabeth Watkins, who is hereafter referred to as the defendant, has perfected her appeal from a judgment and sentence imposed upon her for the offense of murder in the second degree, and she assigns as error the refusal of the trial court to give the jury a requested charge relating to her right of non-necessity of retreat when attacked in her home. The defendant relies upon Hedges v. State, Fla. 1965, 172 So.2d 824, as authority for the requested charge.
*313 The record reveals that the defendant shot and killed her common-law husband with his pistol. The scene of the occurrence was the dwelling in which they resided. It was the defendant's testimony that she shot her husband as he advanced upon her with his hand in his pocket where he usually kept his knife; that he had been out all night drinking, and upon returning home was angry with her for hiding his pistol. It was her testimony that previously her husband had, when drinking, cut her with his knife and had also threatened her with the pistol.
The trial court charged the jury the law relating generally to self-defense but declined to give a charge as to the rule of non-necessity of retreat when attacked in one's own home.
In Pell v. State, 1929, 97 Fla. 650, 122 So. 110, it was held that such doctrine of non-necessity of retreat is applicable when one is attacked in his own home by a trespasser, and the later case of Hedges v. State, Fla. 1965, 172 So.2d 824, establishes that such doctrine must be included in the court's instruction on self-defense where the deceased was an invitee in defendant's home.
Although the state readily admits that it would have been beneficial to the defendant had the trial court included in the jury instruction the doctrine of non-necessity of retreat, the state takes the position that the doctrine does not apply to a situation where both parties are on the premises in question with equal authority and control. With this position we do not agree. A person's home is his or her ultimate sanctuary. Hedges v. State, supra.
The Supreme Court of Alabama in Baugh v. State, 1927, 215 Ala. 619, 112 So. 157, text 159, held:
"A person attacked in his own dwelling, under conditions otherwise entitling him to strike in self-defense, is not required to retreat although his assailant also resides in the same dwelling. There is no place to which the law requires him to retreat. * * *"
See also 40 C.J.S. Homicide § 130 c, page 1015.
The trial court erred in refusing to charge the jury the doctrine of non-necessity of retreat, and such error was prejudicial.
Other assignments of error raised by the defendant have been considered and found to be without merit.
The judgment and sentence imposed is reversed with direction to grant defendant a new trial.
WALDEN, C.J., and CROSS, J., concur.