PEOPLE v PAXTON

1. HOMICIDE—DEFENSES—SELF-DEFENSE—RETREAT—HOME.

Self-defense in a home is established by showing two elements: (1) that the defendant was not the aggressor, and (2) that the defendant acted in fear of imminent danger or fear of losing his life or suffering grievous bodily harm; a defendant in such a situation is not obliged to retreat if he is within his own home.

2. HOMICIDE—DEFENSES—SELF-DEFENSE—RETREAT—HOME—INSTRUCTIONS TO JURY.

A trial court erred in failing, *sua sponte,* to instruct the jury that a defendant had no duty to retreat within her own home, in order to establish the defense of self-defense to a charge of manslaughter, because in certain circumstances it is the duty of the trial court to instruct the jury as to general features of a case, to define the offense and indicate that which it is essential to prove, in order to establish the offense, even in the absence of a request; defendant was prejudicially harmed as a result of the failure of the trial court to charge on such a material element of the defendant's sole defense where the entire trial was conducted under an erroneous belief that the retreat from danger in her own home was an element required to establish self-defense.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 April 3, 1973, at Lansing. (Docket No. 12612.) Decided May 22, 1973.

Vivian Paxton was convicted of manslaughter. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 40 Am Jur 2d, Homicide § 139 *et seq.*

Prosecuting Attorney, and *Martin F. Palus,* Assistant Prosecuting Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: McGREGOR, P. J., and QUINN and O'HARA,* JJ.

McGREGOR, P. J. On May 7, 1971, the defendant was convicted of manslaughter by a jury. MCLA 750.321; MSA 28.553.

Testimony at trial indicated that in the early afternoon of January 21, 1971, the victim, defendant's husband, and a friend left work, bought some liquor, and went to the victim's home, where they spent some time libating themselves and watching television. A quarrel developed when the defendant attempted to leave the house to visit her mother, and was physically restrained from doing so by her husband. Evidence further indicated that some physical abuse was directed against the defendant by the victim. After a physical assault had occurred in the bedroom, the victim left the bedroom and went into the living room; the defendant came out of the bedroom with a shotgun and headed for the front door, apparently to escape from the house. When her husband allegedly lunged at her, she fired at and killed him.

From preliminary examination through the trial, the defendant has attempted to establish the theory of self-defense as a reason for her actions. The examining judge found, among other things, that there was no exit from the house except by the front door, and that the defendant, when finally released, fired the gun after the victim

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

lunged at her. The examining judge attempted to summarize the applicable law, particularly the right of self-defense:

"A person is justified in using physical force upon another person in order to defend himself from what he reasonably believes to be the use, or imminent use, of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for that purpose. However * * * a person is not justified in using deadly force upon another person *if he can retreat and if he can avoid the necessity of using that force* with complete safety *by retreating.*" (Emphasis added.)

The examining judge then concluded that there was probable cause to believe that the defendant committed the crime of manslaughter, and that defendant was not justified by the right of self-defense.

At trial, from the opening statement through all of the proofs and final arguments, and through the court's instructions, the defendant claimed self-defense. Defense counsel has adopted the interpretation of self-defense suggested by the examining judge; namely, that retreat or an attempt to retreat must be established in order to claim that defense.

In giving instructions to the jury, the trial judge noted a number of factors:

"And the defendant further states during the assaults upon her person she had no way open to retreat from the defendant, excepting by the front door, which she— which he pulled her away earlier and which he blocked at the time the gun was discharged. And that at no time from the beginning of the assaults until the gun went off was there a safe place for her in the home, and that she made a final effort to retreat and escape from

the deceased by way of the front door when he lunged at her, causing the fatal shot to be discharged."

In considering the law, the court suggested the general rule for the theory of self-defense:

"Now, because the offense is committed or because a homicide is committed does not always necessarily mean that a conviction must follow, because there is in this state a defense which is known as the defense of self-defense. And that defense is similar to * * * well, I have to be careful that I don't confuse you with extraneous matters, but I should tell you that the defense of self-defense is the reason given by the defendant for the homicide and if it is a reasonable explanation, then you may accept it and you may consider it as an excuse for the homicide under the particular circumstances of this case."

The court then instructed the jury as to the elements which must be present to establish self-defense.

Defendant made no objection to these instructions.

The jury returned a verdict of manslaughter.

Among other claimed errors, this Court is now asked if reversible error occurred as the result of the failure of the trial court, *sua sponte,* to instruct the jury that the defendant had no duty to retreat within her own home, in order to establish the defense of self-defense.

To establish self-defense in a home, two elements must be shown: (1) that the defendant was not the aggressor, and (2) that the defendant acted in fear of imminent danger or fear of losing his life or suffering grievous bodily harm. A defendant in such a situation is not obliged to retreat if he is within his own home. *Pond v People,* 8 Mich 150,

176 (1860); *People v Stallworth,* 364 Mich 528 (1961).

In *People v McGrandy,* 9 Mich App 187 (1967), the Court was required to discuss the impact of the *Pond* rule upon instructions given to a jury. In *Pond,* domestic quarrels, aggravated by liquor, led to a deadly altercation which ended in the fatal stabbing of the husband by the wife. The *Mc-Grandy* judge refused to instruct the jury that a person is not obliged to retreat from his own dwelling in order to substantiate the defense of self-defense; this refusal resulted in a reversal.

The elimination of the element of retreat clearly decreases the burden upon the prosecution to negate the defense of self-defense. The defendant in the instant matter, who allegedly acted in self-defense in her own home, would benefit from this excuse more readily than the same defendant acting outside of her home. This being true, the defendant can readily be seen to be prejudiced by an erroneous interpretation of the law, as another increment element must be discussed in order to avail herself of this defense. This consideration became significant in the proofs presented at trial. Objections not timely made will generally prohibit the defendant from raising a particular issue on appeal. GCR 1963, 516. This problem is compounded by circumstances which this Court has heretofore recognized, namely, that appellate counsel was not the trial counsel. *People v Perkins,* 11 Mich App 170, 172 (1968).

Defendant is not completely barred from raising this issue on appeal, as it is well settled law in this state that in certain circumstances it is the duty of the trial court to instruct the jury as to general features of the case, to define the offense and indicate that which it is essential to prove, in order to establish the offense, even in the absence

of a request. One of the primary functions of the trial judge is to inform the jury correctly of the law applicable in a given case. The instructions given by the trial court in the instant matter clearly dealt with material matters of the case, particularly the defense available to defendant. *People v McGrandy, supra.* It has been held that an erroneous instruction regarding a material matter, if not corrected or cured in a charge, is prejudicial. *People v Kanar,* 314 Mich 242, 253 (1946); *People v Bowen,* 10 Mich App 1, 19 (1968).

Defendant was prejudicially harmed as a result of the failure of the trial court to charge on such a material element of the defendant's sole defense. In *People v Tomlins,* 213 NY 240; 107 NE 496 (1914), Judge Cardozo noted that, although no exception, objection, or request was made at trial concerning an improper instruction as to self-defense in a home, the court would nevertheless reverse the case because of the improper instruction.

Testimony at trial indicated some conflict as to whether or not the defendant was acting to protect herself, or, on the contrary, shot the victim in absence of any fear. Because of this question, the defendant had a right to rely on the defense of self-defense and its proper presentation to the jury. The trial court was in error in allowing the defendant to proceed on the wrong theory. The defendant was prejudiced by the fact that the entire trial was conducted under an erroneous belief that the retreat from danger in her own home was an element required to establish self-defense.

Other alleged errors may not occur in a retrial.

Conviction reversed and defendant remanded for a new trial.

All concurred.