PEOPLE v MOORE (ON REHEARING)

1. Homicide—First-Degree Murder—Self-Defense—Jury Instruc-
   tions—Appeal and Error—Material Points—Basis for Ac-
   quittal—Greater Offenses.

   A jury instruction on a criminal defendant's claim of self-defense
   which may have had errors was not reversibly prejudicial in a
   trial for first-degree murder in the perpetration of a felony
   where the claim of self-defense was not a material point in the
   case and where the instruction would have provided a basis for
   the defendant's acquittal and not his conviction for a greater
   offense.

2. Criminal Law—Trials—Issues—Evidence—Reversible Error—
   Detriment to Defendant.

   Injection into a criminal trial of an issue not supported by the
   evidence may be reversible error where the issue injected is
   detrimental to the defendant in giving the jury a basis, albeit
   imaginary, upon which they could find defendant guilty of the
   greater of the offenses charged.

3. Homicide—First-Degree Murder—Trials—Jury Instructions—
   Sua Sponte Instructions—First-Degree Murder—Lesser In-
   cluded Offenses.

   A trial court was not required to instruct *sua sponte* on lesser
   included offenses of first-degree murder in cases which were
   concluded prior to January 1, 1976.

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J. Submitted March 3, 1977, at
Detroit. (Docket No. 26322.) Decided August 8,
1977.

Wesley P. Moore was convicted of first-degree

References for Points in Headnotes

[1] 40 Am Jur 2d, Homicide §§ 519–521.
[2] 29 Am Jur 2d, Evidence § 251 *et seq.*
[3] 40 Am Jur 2d, Homicide § 485.

murder. Defendant appealed. Reversed and re-
manded for a new trial. The people's motion for a
rehearing was granted. On rehearing, the convic-
tion is affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Re-
search, Training and Appeals, and *Timothy A.
Baughman,* Assistant Prosecuting Attorney, for
the people.

*Leonard Townsend,* for defendant.

Before: D. E. HOLBROOK, P. J., and BASHARA and
W. F. HOOD,* JJ.

## ON REHEARING

BASHARA, J. Defendant was convicted by a jury
of first-degree murder in the perpetration of a
felony, MCLA 750.316; MSA 28.548, and appeals.
This Court initially reversed the conviction and
remanded for a new trial. We granted rehearing
by our order of May 26, 1977.

Defendant first contends that the trial court
erred in its instructions pertaining to self-defense.
A review of the record reveals that defendant's
testimony established his state of mind regarding
a claim of self-defense. He indicated that his fear
of great bodily harm or death was the reason for
shooting decedent in the leg and striking him in
the head with a gun.

Defendant further stated that he and a person
named Adams then escorted the decedent from
defendant's residence, and that decedent was alive

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and mobile at that time. He testified that he remained outside with decedent and Adams for only about a half-minute, then returned to his residence leaving the decedent with Adams. Defendant indicated that he heard noises resembling gunshots and about 20 minutes later Adams returned stating that he (Adams) had shot decedent.

Counsel for defendant emphatically stated that the claim of self-defense was raised only as to what transpired within the house and not thereafter. Defendant's position was that he did not participate in the occurrence outside the house where, he maintained, the fatal wounds were inflicted.

Consequently, the instruction on self-defense, although erroneous on the aspect of retreat, was, if anything, beneficial to the defendant. This being so, we cannot say that the instruction was reversibly prejudicial. *People v Lenkevich,* 394 Mich 117; 229 NW2d 298 (1975). In the context of this case, self-defense was not a *material* point because it was not claimed as a defense to the actual killing of the decedent. Nor did the prosecution allege or attempt to show that defendant's initial assault upon decedent was a cause or even a substantial cause of decedent's death.

Those cases holding that an instruction that injects an issue into the case not supported by the evidence is reversible error are unavailing to defendant. In the decisions reversing on such ground, the issue injected was detrimental to defendant in giving the jury a basis, albeit imaginary, upon which they could find defendant guilty of the greater of the offenses charged. See, *e.g., People v Goodrode,* 132 Mich 542; 94 NW 14 (1903), *Brownell v People,* 38 Mich 732 (1878), *People v Matthews,* 17 Mich App 48; 169 NW2d 138 (1969). Here, the erroneous charge would have provided a

basis for defendant's acquittal, not a conviction for a greater offense.

Defendant's second contention, that the trial court erred in failing to instruct *sua sponte* on lesser included offenses of first-degree murder, is erroneous as the case was concluded prior to January 1, 1976. See *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975), *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975), *People v Thompson,* 69 Mich App 465; 245 NW2d 93 (1976).

Conviction affirmed.