PEOPLE v GARRETT

1. Criminal Law—Self-Defense—Duty to Retreat—Instructions
   to Jury—Harmless Error.

   There is no duty to retreat in the face of an attack when it occurs
   in the home where both the assailant and the assailed have an
   equal right to be; an instruction to the jury that there is such a
   duty is an erroneous instruction, although such an error can be
   harmless.

2. Criminal Law—Appeal and Error—Harmless Error—Stan-
   dards—Reasonable Juror—Reasonable Doubt.

   The standard for judging whether an error is harmless is a
   stringent one; however, a conviction must stand where the
   proof, aside from the taint of error, was so overwhelming that
   all reasonable jurors would find guilt beyond a reasonable
   doubt.

3. Criminal Law—Evidence—Instructions to Jury—Self-Defense
   —Duty to Retreat—Basis for Acquittal.

   A trial judge's instruction on the duty to retreat which injects an
   issue not supported by the evidence does not constitute reversi-
   ble error where the instruction provided a basis for a defend-
   ant's acquittal rather than for conviction.

Appeal from Recorder's Court of Detroit, James
A. Hathaway, J. Submitted January 10, 1978, at
Detroit. (Docket No. 31057.) Decided March 8,
1978.

References for Points in Headnotes
[1] 6 Am Jur 2d, Assault and Battery §§ 75–77.
   40 Am Jur 2d, Homicide §§ 167, 168, 520.
   Homicide: Extent of premises which may be defended without
   retreat under right of self-defense. 52 ALR2d 1458.
   Homicide: Duty to retreat where assailant and assailed share same
   living quarters. 26 ALR3d 1296.
[2] 5 Am Jur 2d, Appeal and Error §§ 778, 779, 787, 788, 798.
[3] 5 Am Jur 2d, Appeal and Error §§ 784, 792, 805.

Richard Garrett, Jr., was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *E. Gail Willhardt,* Assistant Prosecuting Attorney, for the people.

*Stephen Fishman* (by *Eliot S. Zipser),* for defendant on appeal.

Before: Allen, P. J., and M. J. Kelly and D. E. Holbrook, Jr., JJ.

Per Curiam. Defendant was charged with first-degree murder contrary to MCLA 750.316; MSA 28.548 in the shooting death of his girl friend Doris Fowler, at their common residence in Detroit. A jury trial was had and defendant was convicted of second-degree murder. He appeals as of right.

While the transcript is voluminous the evidence does not contain any major inconsistencies. Defendant admitted, and the other testimony corroborated the facts, that he and his girl friend had been bickering all day. In the late afternoon this apparently came to a head when for no apparent reason he ran upstairs and grabbed a .22 rifle and she went in the kitchen and returned with a kitchen knife.

Defendant's testimony shows that in the narrow confines of their small house he fired two "warning shots" into the ceiling to ward off the decedent. He then chased her with the gun and fired several shots into her back as she ran and tried to escape out the front door which was locked with a key

from the inside and was the only means of egress from the dwelling.

Defendant claims the trial judge erred by instructing the jury that defendant had a duty to retreat if he could have safely done so in order to establish the defense of self-defense. The well established law is that there is no duty to retreat in the face of an attack when it occurs in the home where both the assailant and the assailed have an equal right to be, and that the instruction given was erroneous. *People v Lenkevich,* 394 Mich 117; 229 NW2d 298 (1975).

Under most circumstances the instruction given would have been prejudicial error. However, in the case at bar we are convinced beyond a reasonable doubt said error was harmless. That such error can be harmless was recognized by this Court in *People v Moore (On Rehearing),* 77 Mich App 134, 136; 258 NW2d 164 (1977). The standard for judging whether error is harmless is a stringent one; however, if the proof, aside from the taint of error, was so overwhelming that all reasonable jurors would find guilt beyond a reasonable doubt, then the conviction must stand. *People v Christensen,* 64 Mich App 23, 33; 235 NW2d 50 (1975), *People v Roberson,* 55 Mich App 413, 421; 222 NW2d 761 (1974), *People v Swan,* 56 Mich App 22, 31; 223 NW2d 346 (1974).

The evidence in the present case compellingly establishes that the defense of self-defense was not available to defendant for failure to present any evidence whatsoever that the use of deadly force appeared to defendant to be necessary. No reasonable juror could have found, absent the instructional taint, that defendant acted in self-defense.

This Court in *People v Moore, supra,* at 136, recognized that there was no prejudice to the

defendant where giving an "instruction on self-defense, although erroneous on the aspect of retreat, was, if anything, beneficial to the defendant". Where, as here, the instruction provided a basis for defendant's acquittal, rather than for conviction, the injection of an issue not supported by the evidence does not constitute reversible error.

Affirmed.