180 N.J. Super. 361 (1981)
434 A.2d 1131
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SYNORIA FELTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted July 27, 1981.
Decided August 12, 1981.
*362 Before Judges KING, FRANCIS and FURMAN.
Stanley C. Van Ness, Public Defender, attorney for appellant (Harrison J. Gordon, Designated Counsel, on the brief).
James R. Zazzali, Attorney General, attorney for respondent (John J. Degnan, former Attorney General; Ann Zeloof, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by FURMAN, J.A.D.
Defendant was convicted of manslaughter following a jury trial and sentenced to a State Prison term of one to three years. Her defense was self-defense. At issue on appeal is whether the trial judge erred in his jury charge defining defendant's duty to retreat when attacked within her own dwelling.
*363 Defendant and William Williams, the victim, were parents, although never married, of a three-year-old daughter Precious. Precious lived with defendant. Williams paid support for Precious and visited her at defendant's apartment, both irregularly. He had not visited Precious for two months prior to the evening when he was fatally stabbed. According to defendant, Williams had slashed and struck her several times previously, and she had filed municipal complaints against him for beatings.
On the evening of the homicide Williams arrived at defendant's apartment without prearrangement. He knocked at the door. When asked by defendant's current boyfriend who was there, he responded with his nickname. He was admitted, whether by the boyfriend or by Precious is not clear. Williams asked defendant if he could take Precious outside the apartment. A loud argument broke out between them. Defendant's boyfriend, at her request, left the apartment to call the police. The argument intensified.
There were no other eyewitnesses. Defendant's narrative of the ensuing altercation is as follows. Williams brandished a knife. She ran to the kitchen for a knife and returned with it. Williams came at her. She pushed Williams as hard as she could against the door. He dropped his knife but charged at her again. Defendant ran towards Williams, closed her eyes and remembers nothing further until Williams stumbled into the kitchen and threw up blood. Defendant admitted in a statement to the police that she had stabbed Williams. She made no claim that she had retreated or attempted to retreat.
The trial judge charged the jury on the duty to retreat when attacked, then added as an exception:
Now, one who is attacked or assaulted in his or her dwelling house need not retreat or leave, but can stand their ground and use reasonable force to compel [repel?] the attack, even though this may result in the death of the assailant, or in this case the decedent.... However, if the assailant, in this case Mr. Williams, the decedent, is not what we call an intruder, but you find that he himself was entitled, at least at that time and under those circumstances, to be on the premises, then the obligation to retreat still exists.
*364 According to the jury charge, defendant in her own dwelling had a duty to retreat before Williams if the jury found that he was not an intruder but, under the circumstances, was entitled to be on the premises. The word "intruder" would exclude someone present on the premises by invitation or with permission.
Under these instructions the jury may have understood that it was required to reject the defense of self-defense if it found that the defendant had failed to retreat in the face of an attack by someone who had been freely admitted to her apartment. That finding would have been consistent with the testimony.
The prevailing common law rule was that the duty to retreat does not arise upon an attack by force within one's dwelling and that, without exceptions, a person attacked there has no duty to retreat but may stand at bay and defend himself. People v. Tomlins, 213 N.Y. 240, 107 N.E. 496 (1914); Annotation, "Homicide: Duty to Retreat Where Assailant and Assailed Share the Same Living Quarters," 26 A.L.R.3d 1296 (1969); 40 Am.Jur.2d, Homicide, § 168 at 454-455; 2 Wharton, Criminal Law (14 ed. 1979), § 126 at 133-135.
New Jersey recognizes an exception to the common law rule when the assailant is someone who resides in the same dwelling or, because of co-ownership, is equally entitled to reside there. Under this exception a duty is imposed even within one's dwelling to retreat, if practicable, before resorting to counterforce. State v. Lamb, 71 N.J. 545 (1976); State v. Pontery, 19 N.J. 457 (1955); State v. Provoid, 110 N.J. Super. 547 (App.Div. 1970).
The Supreme Court in Pontery upheld a jury charge imposing the duty to retreat upon an estranged wife when attacked by her husband in a summer home jointly owned by them but in which she was living separately. Under distinguishable facts, the Supreme Court in Lamb exempted an estranged wife from a duty to retreat before her husband's attack within an apartment exclusively occupied by her. He had burst in uninvited through an unlocked door. The opinion states:

*365 In the circumstances of this case defendant's estranged husband did not have as much right to be in the apartment as defendant. It was her home. He was in fact an intruder and defendant was under no duty to retreat. [at 71 N.J. 549]
In Provoid, supra, 110 N.J. Super. at 554, after noting that, under the undisputed facts, the attack occurred in the public street, the Appellate Division opinion states as dictum that even if the attack had occurred on the adjoining premises in which defendant was a tenant, defendant would have had a duty to retreat before a cotenant but "he possibly need not have retreated from" the lawful guest of the cotenant.
In other jurisdictions which impose a duty to retreat within one's dwelling based upon the status of the assailant, no reported decision is cited and none disclosed in research which holds that there is a duty to retreat within one's dwelling before an attack by someone not a coowner, cotenant or co-occupant. Conner v. State, 361 So.2d 774 (Fla.App. 1978), cert. den. 368 So.2d 1364 (Fla.Sup.Ct. 1979); Commonwealth v. Walker, 447 Pa. 146, 288 A.2d 741 (Sup.Ct. 1972); Commonwealth v. Shaffer, 367 Mass. 508, 326 N.E.2d 880 (Sup.Jud.Ct. 1975); State v. Grierson, 96 N.H. 36, 69 A.2d 851 (Sup.Ct. 1950).
Nothing supports a construction of the law of this State that the duty to retreat within one's dwelling is any broader, extending to attacks by other than coowners, cotenants or co-occupants; the dictum in Provoid is to the contrary.
We hold that the jury charge, subjecting defendant to a duty to retreat if the jury found that Williams was not an intruder but was entitled to be on the premises, misstated the law to defendant's prejudice. On this fact issue a probable jury finding would have been that Williams had entered lawfully and was not an intruder, thus compelling a verdict of guilty in the absence of any proof that she had retreated or attempted to retreat. The error in the jury charge had a clear capacity to produce an unjust result and is reversible. R. 2:10-2; State v. Macon, 57 N.J. 325 (1971).
Because this holding requires a reversal and remand, we need not consider two issues raised on appeal: that the verdict was *366 against the weight of the evidence and that the sentence imposed on defendant was unnecessarily excessive.
Defendant raises two additional issues: that the trial judge erred in allowing into evidence her statements to the police both at the scene and at police headquarters after the Miranda warnings had been read to her; and that the trial judge erred, contrary to State v. Christener, 71 N.J. 55 (1976), in charging second degree murder to the jury.
Our conclusion based upon the record is that these two additional issues are clearly without merit. R. 2:11-3(e)(2). Upon a new trial, having been acquitted of second degree murder, defendant can only be retried for manslaughter. State v. Williams, 30 N.J. 105, 122-124 (1959).
We reverse and remand in accordance herewith. We do not retain jurisdiction.