404 So.2d 160 (1981)
Maurine Lucille RIPPIE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-339.
District Court of Appeal of Florida, Second District.
September 23, 1981.
*161 Edward S. Campbell, III of LaBarbera & Campbell, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason and Debra Osmond, Asst. Attys. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Maurine Lucille Rippie appeals her conviction and sentence for the manslaughter of her husband. We reverse and remand for a new trial.
The deceased met his death in his own mobile home when he was shot by appellant, who was also within the dwelling, occupancy of which they shared. There was evidence that appellant was struck by the deceased in the course of a fight between them just prior to his being shot and killed. Appellant testified in her own behalf and adduced other evidence that she acted in self-defense. Appellant timely requested a jury instruction that a person attacked in his or her own home has no duty to retreat before using force in self-defense. The trial court refused to give the requested instruction.
In refusing to instruct the jury that appellant had no duty to retreat in her own home, the trial court relied on Conner v. State, 361 So.2d 774 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1364 (Fla. 1979), in which the defendant shot and killed her son, with whom she shared living quarters. There is a split of authority in the various jurisdictions, however. Many jurisdictions, including Florida, have expanded the "castle doctrine" to permit its use even when the attacker is not an intruder, Hedges v. State, 172 So.2d 824 (Fla. 1965), and even when he is a co-occupant, Watkins v. State, 197 So.2d 312 (Fla. 4th DCA 1967). See also State v. Phillips, 38 Del. 24, 187 A. 721 (1936); State v. Leeper, 199 Iowa 432, 200 N.W. 732 (1924); People v. Tomlins, 213 N.Y. 240, 107 N.E. 496 (1914); State v. McPherson, 114 Minn. 498, 131 N.W. 645 (1911); Thomas v. State, 583 S.W.2d 32 (Ark. 1979); State v. Browning, 28 N.C. App. 376, 221 S.E.2d 375 (1976); People v. Garrett, 82 Mich. App. 178, 266 N.W.2d 458 (1978); State v. Grantham, 224 S.C. 41, 77 S.E.2d 291 (1953); Ison v. State, 252 Ala. 25, 39 So.2d 249 (1949). Judge Cardozo in the Tomlins case stated his reasoning as follows:
It is not now and never has been the law that a man assailed in his own dwelling is bound to retreat. If assailed there, he may stand his ground and resist the attack. He is under no duty to take to the fields and the highways, a fugitive from his own home. More than 200 years ago it was said by Lord Chief Justice Hale (1 Hale's Pleas of the Crown, 486): In case a man "is assailed in his own house, he need not flee as far as he can, as in other cases of se defendendo, for he hath the protection of his house to excuse him from flying, as that would be to give up the protection of his house to his adversary by flight." Flight is for sanctuary and shelter, and shelter, if not sanctuary, is in the home.
107 N.E. at 497. And in Jones v. State, 76 Ala. 8, 14 (1884), it was aptly inquired: "`Why ... should one retreat from his own house, when assailed by a partner or cotenant, any more than when assailed by a stranger who is lawfully upon the premises? Whither shall he flee, and how far, and when may he be permitted to return?'"
The Conner court, however, chose to recede from the expanded version of the "castle doctrine" it had espoused in Watkins and held that "where both the antagonist and the assailed are legal occupants of the same `castle,' neither one having the legal right to eject the other, the defense of home instruction need not be given." Conner, *162 supra, at 776. A few other jurisdictions are in accord with Conner. See State v. Crawford, 66 W. Va. 114, 66 S.E. 110 (1909); State v. Grierson, 96 N.H. 36, 69 A.2d 851 (1949); State v. Lamb, 134 N.J. Super. 575, 342 A.2d 533, aff'd, 71 N.J. 545, 366 A.2d 981 (1976); Commonwealth v. Walker, 447 Pa. 146, 288 A.2d 741 (1972).
The First District Court of Appeal has recently taken a position contrary to that decided by the Fourth District in Conner. In State v. Bobbitt, 389 So.2d 1094 (Fla. 1st DCA 1980), in which the defendant shot and killed her husband in an apparent act of self-defense in the marital home, the court held that there is no duty to retreat from one's own home regardless of whether co-occupants or intruders are involved. The Third District has followed Bobbitt. Page v. State, 398 So.2d 859 (Fla. 3d DCA 1981). Bobbitt is currently pending before the Florida Supreme Court on petition for certiorari.
We lean toward the expanded view of the castle doctrine followed by Bobbitt and the majority of the other states in this country which have considered this issue. However, we feel that in a situation involving a co-occupant, as here, the castle doctrine should be modified to create, as it were, an exception to the exception to the general rule requiring one assailed to "retreat to the wall." The standard jury instruction provides:
One unlawfully attacked in his own home or on his own premises has no duty to retreat and may lawfully stand his ground and meet force with force, including deadly force, if necessary to prevent imminent death or great bodily harm to himself or another, or to prevent the commission of a forcible felony. (Emphasis added.)
We think that where the assailant is a co-occupant, there should be a limited duty to retreat. Such a limited duty should not extend to a requirement that the assailed retreat from (i.e. leave the confines of) the dwelling house proper. However, we think that where the assailed person can do so without increasing the danger to himself or any third party present, (s)he should be required to retreat to another area or room in the dwelling, if any, if to do so might tend to reduce the necessity of his/her having to use deadly force in self-defense. Often, when one party to an argument or fight leaves the room, the other party tends to calm down, become more rational, and escalation of the dispute is avoided. This is not an unreasonable burden to place upon a person assailed by a co-occupant, particularly when, we emphasize, the duty would arise only when the limited retreat we envision is available, is practicable, and would not increase the danger to either the person assailed or to any third party present.
In view of the inter-District conflict, which we are admittedly further complicating here, we certify the following question as a question of great public interest.
DOES THE CASTLE DOCTRINE APPLY TO CO-OCCUPANTS AS WELL AS INTRUDERS, AND IF SO, IS IT LIMITED IN ANY WAY IN THE CASE OF AN ALTERCATION BETWEEN CO-OCCUPANTS?
We have considered the other points raised by appellant and find each of them to be without merit.
ACCORDINGLY, the judgment and sentence is REVERSED and the cause REMANDED for a new trial.
HOBSON, Acting C.J., and DANAHY, J., concur.