418 So.2d 254 (1982)
STATE of Florida, Petitioner,
v.
Henry Lee PAGE, Respondent.
No. 60856.
Supreme Court of Florida.
July 29, 1982.
*255 Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for petitioner.
Bennett Brummer, Public Defender, and Michael A. Rosen, Sp. Asst. Public Defender, Miami, for respondent.
McDONALD, Justice.
In Page v. State, 398 So.2d 859 (Fla.3d DCA 1981), the district court reversed a conviction because of failure to give the defense-proffered jury instruction concerning the privilege of nonretreat in the home. Perceiving conflict with Conner v. State, 361 So.2d 774 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1364 (Fla. 1979), we accepted jurisdiction.[1] We quash the district court's reversing the murder conviction.
Page and his victim occupied adjoining apartments which share a common walkway running along the front of the apartments.[2] The fatal shooting took place on this common walkway and had been precipitated by an altercation between the parties shortly before the shooting wherein the victim had choked Page. At trial Page claimed self-defense and especially requested the nonduty to retreat instruction.
The question thus is whether the nonduty to retreat instruction applies to a situation where an assault takes place on a common walkway when both the assailant and the victim have equal rights to use that walkway. We recently held in State v. Bobbitt, 415 So.2d 724 (Fla. 1982), that where the assailant and the victim are both legal occupants of the same house the privilege of nonretreat does not apply and the defense-of-the-home instruction need not be given. We find that the rationale behind Bobbitt should also apply to the facts of this case and that the cases relied on by the district court[3] are not applicable to the instant factual situation.
Had Page retreated inside his door, he would have been entitled to the requested instruction. He could not, however, stand his ground in the common passageway, even if he had one foot inside his door as he contends, and claim the right to the instruction. We agree with the state that as our society moves more and more toward communual-type dwellings the rule herein becomes a critical issue in the proper enforcement of the criminal law. The standard self-defense instruction given at this trial is adequate and is all that should be given in this type of situation. To rule otherwise would, in effect, allow shoot-outs between persons with equal rights to be in a common area.
The opinion of the district court is quashed, and the cause is remanded to it with instructions to modify its order granting a new trial on its stated grounds.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
SUNDBERG, J., concurs in result only.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] This two-story apartment building has four apartments downstairs and four upstairs. The walkway, an open concrete porch, is common to the four downstairs apartments.
[3] Hedges v. State, 172 So.2d 824 (Fla. 1965); Pell v. State, 97 Fla. 650, 122 So. 110 (1929); Danford v. State, 53 Fla. 4, 43 So. 593 (1907); State v. Bobbitt, 389 So.2d 1094 (Fla. 1st DCA 1980), disapproved, 415 So.2d 724 (Fla. 1982); Redondo v. State, 380 So.2d 1107 (Fla.3d DCA), cert. denied, 388 So.2d 1118 (Fla. 1980).