OVERTON, Justice,
dissenting.
I again emphatically dissent for the reasons I expressed in State v. Bobbitt, 415 So.2d 724 (Fla.1982). The majority opinion in Bobbitt, as reaffirmed in this case, clearly penalizes spouses, and particularly wives, in defending themselves from an aggressor spouse. To me, it makes no sense for a woman who shoots her live-in paramour in her home to be entitled to the castle doctrine instruction advising the jury that she need not retreat before using deadly force in self-defense,[1] while this same instruction *1088 is denied to a woman who shoots her husband in the identical self-defense type of situation. The latter circumstance places the wife under a mandate to leave her. home to avoid her aggressor spouse.[2] Neither the paramour nor the husband is an intruder, but the majority on this Court, by their decision in Bobbitt, as reaffirmed in this case, now distinguish between the two.
In my view, we should adopt the same rule of law for all self-defense situations involving non-intruder aggressors in the home, whether they be spouses, children, or paramours. I would approve the modified castle doctrine instruction for all non-intruder situations specifically set forth in my dissent in Bobbitt.[3] This instruction is a middle ground between the castle doctrine instruction given when the aggressor is an intruder in the home and the “duty-to-retreat” instruction given when an altercation occurs in a place other than the home. It recognizes, on the one hand, that the home is a special place of protection for the occupant and, on the other hand, that, when the aggressor is a non-intruder, either having a right to be on the premises or having been invited into the home, it is necessary to impose a limited duty to retreat which is not as extensive as the duty to retreat imposed when the altercation occurs in a barroom or elsewhere outside the home of the defendant. The rule now applied in Florida allows the same castle doctrine instruction to be given for intruders and non-intruders in the home, except when the defendant is married to the aggressor. Since this is a judicially made rule of law, we should provide a rule that fits this circumstance in order to avoid unequal treatment under the law. The rule as it now exists is unreasonable and illogical. In my view, it would be more reasonable to do away totally with the castle doctrine instruction when a non-intruder is involved than to apply the rule expressed in Bobbitt.

. See Hedges v. State, 172 So.2d 824 (Fla.1965).

. See Bobbitt.

. The instruction suggested is as follows:
If the defendant was attacked in [his/her] own home, or on [his/her] own premises, by a contenant, family member, or invitee, [he/ she] has a duty to retreat to the extent reasonably possible but is not required to flee [his/her] home and has the lawful right to stand [his/her] ground and meet force with force even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to [himself/herself] or another.
Bobbitt, 415 So.2d at 728 (Overton, J., dissenting). See also Judge Boardman’s opinion in Rippie v. State, 404 So.2d 160 (Fla.2d DCA 1981), which supports this view.