*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JONATHAN ISSACC MCBROOM,

        Defendant-Appellant.

UNPUBLISHED
January 15, 2026
2:44 PM

No. 370947
Genesee Circuit Court
LC No. 2023-051671-FC

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Defendant was convicted of assault with intent to murder along with other firearm charges after the victim was shot in his back in a driveway. On appeal, defendant argues that there was insufficient evidence to prove his intent to kill. In addition, defendant argues that a detective's testimony should have resulted in a mistrial. Because there was sufficient evidence to convict defendant and a lack of prejudice resulting from the detective's testimony, we affirm.

## I. BACKGROUND

Defendant and the victim argued at a dice game one or two weeks before the shooting, and the victim testified that defendant had threatened him during this game. The victim also testified that a week before the shooting, defendant arrived at the victim's house with a "machine gun." On the day of the shooting, the victim was in the driveway of a friend's home when defendant shot the victim.

At trial, four witnesses testified about their observations of the shooting. The victim testified that defendant told the victim not to move, shot the victim in his chest while he was raising his hands, and then shot the victim in his back. The victim's friend testified that he saw defendant pointing a gun at the victim, but then the friend ran away. One resident of the house where the shooting occurred testified that when she exited the home after hearing gunshots, she saw a gun on the ground next to the victim. But after the resident went back inside the house and returned to the outside again, the gun was missing. Another resident of the house also exited the home after hearing the gunshots and found the victim on ground. This resident testified that the victim said,

"I shouldn't have reached." Police officers testified that two bullet shell casings were found at the scene of the shooting and that the victim's sweater had a bullet hole in the back.

One detective testified about an interview he conducted with defendant and the interview was played and the transcript given to the jury. During the interview, defendant said that the victim had threatened defendant at the dice game and that he shot the victim because he thought the victim was reaching for a gun. Another detective's testimony concerned a call made by defendant in jail. Before the witness testified, the parties stipulated that the detective would testify about the contents of the call in lieu of playing the call for the jury because the attorneys did not have time to listen and redact the audio file. The questioning of the detective by the prosecutor went as follows:

*Q.* And throughout the calls you were able to monitor, were there any, conver— any statements that [defendant] made that were relevant to your investigation?

*A.* Yes.

*Q.* Tell them what—tell us what they were.

*A.* There were a few. But the first call that I took notice when I listened to the jail calls, when—I'm sorry, at my office, the first one refers to [defendant] calling a male, calling a male and telling him that he is getting his story straight with BC. BC is [the homeowner's brother]. And that he is—that BC is going to tell, I'm assuming the police or the Court, that it was a tall dude with a mask that shot him. Not a short dude. This is [defendant] getting his story straight with another man about what BC is going to tell him.

At this point, defense counsel asked to approach the bench. A minute later, the trial court recessed. When the trial court reconvened, without the jury present, defense counsel informed the trial court that she objected to the detective's testimony because she did not anticipate the prejudicial testimony from the detective. Defense counsel then told the trial court that during the recess, the parties agreed upon a remedy for the detective's testimony: the prosecutor would play thirty seconds of the audio recording of the jail call for the jury and defense counsel would cross-examine the detective. Defense counsel then wanted to speak to her client on the record and asked defendant whether he wanted his counsel to proceed with cross-examination as suggested or request a mistrial. Defendant requested a mistrial, and so, his counsel argued that the bias from the testimony could not be cured by a limiting instruction. The trial court denied the motion for a mistrial, finding no unfair prejudice. When the detective retook the witness stand, the redacted audio recording of the phone call was played for the jury. Defense counsel cross-examined the detective, as earlier proposed.

The jury convicted defendant of assault with intent to commit murder, MCL 750.8; being a felon in possession of a firearm, MCL 750.224f(1); being a felon in possession of ammunition, MCL750.224f(3); and three counts of felony firearm, MCL 750.227b. The trial court sentenced defendant, including a sentence of 30 to 60 years' imprisonment for assault with intent to commit murder. Defendant now appeals his convictions and the trial court's denial of his motion for mistrial.

II. ANALYSIS

## A. SUFFICIENCY OF THE EVIDENCE

Defendant argues on appeal that there was insufficient evidence for the "intent to kill" element of assault with intent to commit murder and insufficient evidence to disprove his self-defense claim. The Court reviews de novo challenges to sufficiency of the evidence. *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). When we review such challenges, the evidence is reviewed "in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011). The Court is "required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). The elements of assault with intent to commit murder are the following: (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Brown*, 267 Mich App 141, 147-148; 703 NW2d 230 (2005). "The intent to kill may be proved by inference from any facts in evidence." *People v Lawton*, 196 Mich App 341, 350; 492 NW2d 810 (1992) (cleaned up).

Drawing reasonable inferences, there was sufficient evidence to support the jury's verdict for assault with intent to commit murder. The victim testified that defendant had threatened him and had appeared at the victim's house with a "machine gun" about a week before the shooting. Both the victim and the victim's friend testified that defendant appeared and pointed a gun at the victim. The victim testified that defendant shot him, and the jury heard defendant admit to shooting the victim during his police interview. Defendant pointing a gun at the victim and pulling the trigger is evidence of intent to kill, irrespective of whether anyone died. See *People v Anderson*, 322 Mich App 622, 633; 912 NW2d 607 (2018). Although defendant questions this testimony and the credibility of witnesses, "it is the role of the jury, not this Court, to determine the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012). Making credibility choices in support of the jury's verdict and viewing in a light most favorable to the prosecution, defendant's intent to kill could be reasonably inferred from the evidence.

As for defendant's self-defense argument, if defendant raises the issue, the prosecutor has "the burden of showing facts that would convince a jury beyond a reasonable doubt that defendant did not act in self-defense." *People v Pearson*, 13 Mich App 371, 377; 164 NW2d 568 (1968). MCL 780.972 provides that a defendant may use deadly force against another individual if (1) the defendant was not engaged in the commission of a crime, (2) the defendant was in a place where he had the legal right to be with no duty to retreat, and (3) the defendant "honestly and reasonably believe[d] that the use of deadly force is necessary to prevent the imminent death or imminent great bodily harm" to himself or to another individual. Although defendant cannot claim self-defense if he was committing a crime at the time, a felon in possession of a firearm may nonetheless claim self-defense under the statute. *People v Guajardo*, 300 Mich App 26, 40; 832 NW2d 409 (2013)

The prosecutor produced sufficient evidence to disprove defendant's self-defense claim. Witness testimony and the bullet hole in the back of the victim's sweater both indicated that the victim was shot in the back. By shooting the victim in the back, a jury could infer that defendant had no reasonable belief of imminent deadly force being used against him. See *People v Jefferson*, 18 Mich App 9, 11; 170 NW2d 476 (1969). Further, the victim and the victim's friend testified

that defendant approached the victim with a gun drawn and pointed at the victim. From this, the jury could infer that defendant was the initial aggressor, and as an initial aggressor, defendant generally cannot claim self-defense. *Guajardo*, 300 Mich App at 35. While defendant may raise issues of witness credibility, the Court does not reweigh evidence or witness credibility in sufficiency claims. *Eisen*, 296 Mich App at 331. The prosecutor met the burden for disproving defendant's self-defense claim. Therefore, the jury could have found that the elements for assault with intent to commit murder were proven beyond a reasonable doubt.

## B. DETECTIVE'S TESTIMONY

Defendant next argues on appeal that the trial court erred in denying defendant's motion for mistrial. The Court reviews for an abuse of discretion the trial court's denial of a mistrial. *People v Ortiz-Kehoe*, 237 Mich App 508, 512; 603 NW2d 802 (1999). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes" or if it "makes an error of law." *People v Swain*, 288 Mich App 609, 628-629 (2010). For a mistrial to be granted, there must be (1) some improper irregularity or error, and (2) that irregularity or error prejudiced the defendant and impaired his ability to receive a fair trial. *Ortiz-Kehoe*, 237 Mich App at 513-514. Because the jury determines credibility, a witness commenting or providing an opinion on credibility is "generally improper." *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007)

The detective characterized defendant's phone call as defendant "getting his story straight." Even assuming arguendo that the detective's testimony was improper, the testimony did not prejudice defendant to such an extent that a mistrial was warranted. For a mistrial, defendant needed to establish that the detective's error was "so egregious that the prejudicial effect can be removed no other way." *People v Beesley*, 337 Mich App 50, 54; 972 NW2d 294 (2021). Instead of seeking to have the testimony struck, defendant chose to cross-examine the detective and play the call for the jury. The jurors, who were instructed that they decided how much to believe a person's testimony, then presumedly made its own findings with respect to the phone call and the detective's testimony. *People v Mahone*, 294 Mich App 208, 218; 816 NW2d 436 (2011). Because remedies short of a mistrial were available to remove any prejudice to defendant, the trial court did not abuse its discretion in denying defendant's motion for mistrial.

## III. CONCLUSION

The prosecutor presented sufficient evidence in this case to support defendant's conviction of assault with intent to murder and a lack of self-defense, given the evidence presented and the jury's credibility determinations. Also, defendant is not entitled to a mistrial based on the detective's testimony where the phone call was played for the jury and defendant was not prejudiced by the testimony.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace

-4-